CASE 41.—AGREED CASE BETWEEN JOHN W. FRIZZELL
    AND OTHERS AND W. S. HOLMES AND OTHERS
    INVOLVING THE DUTIES AND COMPENSATION
    OF JAILERS.—January 15.

## Frizzell, &c., v. Holmes, &c.

Appeal from Butler Circuit Court.

John M. Galloway, Circuit Judge.

Judgment for defendants. Plaintiffs appeal.—Affirmed.

1. Counties—Public Buildings—Repair—Authority of Jailer—
   Right to Demand Appropriation Therefor.—Ky. Stats., section
   3948, as amended by Act March 23, 1908 (Acts 1908, p. 116,
   c. 44), provides that the jailer of each county not having a
   population of 75,000 or more shall be superintendent of the
   public buildings at the county seat, and requires the fiscal
   court to make an annual appropriation for their repair. Sec-
   tion 1840 also requires the fiscal court to repair necessary
   public buildings, etc. Held, that the jailer was not charged
   with the duty of keeping the public buildings in repair, and
   had no authority, even under section 3948 as amended, to
   demand from the fiscal court an appropriation for that
   purpose.

2. Officers—Increasing Compensation During Term—Jailers—In
   so far as Ky. Stats., section 3948, as amended by Act March

23, 1908 (Acts 1908, p. 116, c. 44), provides for an annual appropriation for labor and materials necessary to keep buildings at the county seat, including the jailer's residence, owned by the county, in a clean, comfortable, and presentable condition, and heat and light the same, it increases the compensation of jailers who before such enactment were required to keep such property in such condition, and heat and light the jail and the jailer's residence at his own expense and without compensation therefor; and hence, under Const., section. 161, forbidding a change in the compensation of a county officer during his term of office, the amended statute was inapplicable to jailers holding office when the act became effective.

N. T. HOWARD for appellants.

G. V. WELLES for appellees.

(No briefs—Record out.)

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This case involves the question whether or not the act approved March 23, 1908 (Acts 1908, p. 116, c. 44), relating to jailers, applies to jailers holding office at the time it took effect. The appellant, who is the jailer of Butler county, requested the fiscal court "to appropriate a sum sufficient to purchase the labor and material necessary to keep the court-house, public square, clerk's offices, jail, and other public buildings at the county seat at Morgantown, Ky., including the jailer's residence, in repair, and in a clean, comfortable, and presentable condition, and to heat and light the same." This it refused to do, upon the ground that it increased his compensation, and was therefore violative of section 161 of the Constitution. Thereupon an agreed case was made up and taken to the circuit court, where it was ruled that the act of 1908 increased the compensation of jailers, and hence

was not applicable to jailers holding office when the act became effective. This decision was rested upon section 161 of the Constitution, which reads: ''The compensation of any city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office; nor shall the term of any such officer be extended beyond the period for which he may have been elected or appointed.''

The act of March 23, 1908, amended section 3948 of the Kentucky Statutes, so that said section as amended reads in part: ''The jailer of each county not having a population of seventy-five thousand or more shall be superintendent of the public square, court-house, clerk's offices, jail, stray pen and other public buildings at the seat of justice, and the fiscal court of each of said counties shall annually appropriate, of the county funds, a sum sufficient to purchase the labor and materials necessary to keep the public property aforesaid, including the jailer's residence, if owned by the county, in repair and in clean, comfortable and presentable condition, and heat and light the same; said sum so appropriated to be expended by the jailer for the purposes aforesaid. * * *'' Before its amendment this section read in part, and so far as pertinent, as follows: ''The jailer of each county shall be superintendent of the public square, court-house, clerk's offices, jail, stray pen, and other public county buildings at the seat of justice. * * *'' It is very clear that, if this act changes by increasing the compensation of jailers, it can not, in view of the constitutional provision, apply to jailers in office at the time of its passage; so that the question to be decided is, would the request made by the jailer of Butler county, if granted, have increased his compensation within the meaning of the Constitution?

The request of the jailer may properly be divided into three parts: He asked the fiscal court to appropriate (1) a sum sufficient "to purchase the labor and material necessary to keep the court-house, public square, clerk's offices, jail, and other public buildings at the county seat at Morgantown, Ky., including the jailer's residence, in repair;" (2) a sum sufficient to keep this property "in a clean, comfortable and presentable condition," and (3) "to heat and light the same." With respect to the request to appropriate money to keep the public property in repair, it is sufficient to say that the jailer is not charged with the duty of keeping the public buildings in repair. The fiscal court is required by section 1840 of the Kentucky Statutes "to erect and keep in repair necessary public buildings, secure a sufficient jail and a comfortable and convenient place for holding court at the county seat;" and it is very clear that the jailer of a county has no authority, even under the statute as amended to demand from the fiscal court an appropriation for keeping the public buildings in repair. He is under the new, and was under the old, statute charged with the duty of superintending the public buildings; but this does not imply any obligation upon his part to repair them. If they need repair, the fiscal court must make an appropriation for that purpose; but with this appropriation the jailer has nothing to do. So that this part of his request may be dismissed without further notice.

In respect to so much of the order as asked an appropriation to keep the public buildings and grounds "in a clean, comfortable, and presentable condition," before the passage of the act of 1908 jailers under then existing laws were not entitled to any compensation for keeping "the court-house, public square,

clerk's offices, jail, and other public buildings at the
county seat in a clean, comfortable and presentable
condition.'' The performance of this service was in-
cumbent upon the jailer, but the statute did not pro-
vide compensation therefor. This point was express-
ly ruled in Mitchell v. Henry County, 124 Ky. 833, 100
S. W. 220, 30 Ky. Law Rep. 1051. In that case the
fiscal court of Henry county fixed the salary of the
jailer at $150 per year, and ''appropriated $350 per
year for the purpose of employing a janitor to take
charge of the buildings and grounds, and that said
janitorship here provided for be at the option of the
jailer to accept and discharge the duties thereof, sub-
ject to the direction of the county court.'' In consid-
ering the case, this court said: ''The only question
involved in this case are of law, and are as follows:
First, did the fiscal court have the power and author-
ity to allow the jailer a salary in lieu of the fees
allowed him by statute? And, second, did the fiscal
court have the authority to appropriate $350, or any
sum, to pay a janitor for his services in taking charge
of the public buildings and grounds? * * * There
is no statute authorizing the fiscal court to make any
kind or character of contract with the jailer. The
jailer is elected by the people. The statute fixes his
allowances and fees for all services rendered by him,
and the court has no power to change or allow them
in any other manner. Section 3948 of the Kentucky
Statutes provides that 'the jailer of each county shall
be superintendent of the public square, court-house,
clerk's offices, jail, stray pen and other county build-
ings at the seat of justice;' but there is no provision
of the statute authorizing payment to him for such
services. * * * Appellant contends that this ap-
propriation by the fiscal court was for the employ-

ment of a janitor to keep this property in repair. The order says 'a janitor to take charge of the buildings and grounds.' Even if the fiscal court had power, which is not decided, to make an appropriation for repairs in the future, it was not done by the order in question; for it only made an appropriation for the performance of a duty required of the jailer under section 3948. * * * But it is contended that the repairs would include the sweeping of the floors in the court-house building. We do not so understand it; and there is no authority for the court to make an appropriation for the payment of such services."

It will be observed that the court in that case decided, first, that it was the duty of the jailer to take charge of and superintend the public buildings at the county seat without compensation, and, second, that the fiscal court had no authority to make an appropriation to the jailer for these services or to any other person for performing them in place of the jailer. As it was the duty of the jailer of Butler county, before this act became a law, to perform this service without compensation, it would manifestly be a violation of the section of the Constitution before quoted to allow him compensation for it. It would be paying him for doing something that he was required to do without pay when he was elected. In support of this proposition we consider the following authorities conclusive:

In Bright v. Stone, Auditor, 43 S. W. 207, 20 Ky. Law Rep. 817, it appears that after Bright was elected clerk of the Montgomery circuit court the Legislature enacted a law providing "that the clerks of the various circuit courts of this Commonwealth, other than as hereinafter provided, shall be entitled to, allowed and paid by this Commonwealth a fee of five

dollars for services rendered or performed by them respectively for the Commonwealth in all felony cases, or prosecutions by indictment for felony, in their respective courts. * * *'' In considering whether Bright was entitled to collect this fee from the Commonwealth, the court said: ''As that statute was passed after appellant's term of office commenced, the decisive question arises whether the fees or compensation sued for came within the provision of section 161 of the Constitution. * * * Prior to the statute in question, the compensation of clerks of the circuit and county courts of the Commonwealth had been paid, not out of the State treasury, but by fees authorized to be fixed and taxed in specified sums for designated services; and thus was the aggregate compensation of each ascertained and authorized to be collected and appropriated. But no fees had before that statute ever been allowed for services rendered by circuit court clerks for the Commonwealth in felony cases. It is, therefore, plain that, however just it may be to pay for services of that nature out of the State treasury, circuit court clerks in office when the statute was passed are not entitled to benefit of its provisions, because, in the explicit language and meaning of section 161, the compensation of such officers was thereby changed.''

In Commonwealth v. Carter, 55 S. W. 701, 21 Ky. Law Rep. 1500, the court, citing with approval Bright v. Stone, Auditor, said: '' 'Compensation,' in its ordinary acceptation, applies not only to salaries, but to compensation by fees for specific services, and was so understood by the people whose votes made it a part of the organic law of the State. Moreover, there can be little doubt that it is as great an evil to permit officials to come to the Legislature for a change in

their compensation by fees as to do so for a change in their compensation by salaries, and that both evils were equally in the minds of the people when they voted to adopt the Constitution. It may be added that allowing a change to be made in the fees of an officer during his term of office would be more per-nicious in its effect than to permit a change in his salary, as the purpose to increase the compensation might be readily concealed from the Legislature in the one case, which could not possibly be done in the other." To the same effect is Thomas v. Hager, Auditor, 120 Ky. 428, 86 S. W. 969, 27 Ky. Law Rep. 813.

In Spaulding v. Thornbery, 103 S. W. 291, 31 Ky. Law Rep. 738, the fiscal court made an order allow-ing Spaulding as county attorney 20 per cent of the amount of all back taxes, and taxes on property omitted from assessments, collected by him. In re-jecting his claim upon the ground that it changed the compensation to which he was entitled when elect-ed to office, this court said: "It is the official duty of the county attorney, when so directed by the county or fiscal court, to institute or defend actions and pro-ceedings of every kind before any of the courts of the Commonwealth in which the county is interested. This is a part of his official duty and is covered by the annual salary to be paid him." To the same effect is Terrell v. Trimble County, 108 S. W. 848, 128 Ky. 519, 33 Ky. Law Rep. 364; Board of Education of Lexington v. Moore, 114 Ky. 640, 71 S. W. 621, 24 Ky. Law Rep. 1478; Jefferson County v. Waters, 114 Ky. 48, 70 S. W. 40, 24 Ky. Law Rep. 816.

In the light of these authorities, and many more that might be cited, we see no escape from the con-clusion that if the fiscal court had made to the jailer

an appropriation to keep the public buildings and grounds in a clean, comfortable, and presentable condition, when he was required to do this under the laws in force when he was elected without charge to the county, it would be increasing his compensation exactly in the same manner as the $5 allowance to circuit clerks in felony cases increased their compensation for this service which they were obliged to render without charge when elected.

The third part of the request of the jailer asked a sum sufficient to heat and light the public buildings, including the jail and jailer's residence. Under the law in force when the jailer was elected the fiscal court was not required, or even authorized or permitted, to make an appropriation to heat and light the jail or jailer's residence. He was required to do this out of the fees of his office. It was his duty under the Kentucky Statutes (sections 2226, 2230) to keep the jail clean and comfortably warm, and to furnish prisoners with proper food and lodging during their confinement. If it cost the jailer $100 a year to heat and light the jail and jailer's residence, and the fiscal court had made an appropriation of this amount for that purpose, it is plain that his compensation would have been increased $100. Indeed, if the jailer had demanded of the court $100 for the purpose, we doubt if any one would question the right of the court to refuse the allowance, as it would be presenting to the jailer $100 to which he was not entitled when elected —in other words, it would be increasing his compensation to the extent of this sum. But the argument is made that the jailer did not ask this appropriation for his use and benefit, but only that the court appropriate a sum sufficient for the purpose named. This is a distinction without a difference. As a practical

question, there is no difference whatever between the two propositions. One is a direct violation of the Constitution; the other, an indirect, but equally plain, violation of it. In each instance the jailer is the direct and sole beneficiary of the appropriation. If either request was granted, the jailer would be furnished free, at the expense of the county, light and fuel for which he was required to pay when elected, and his income or compensation from the public would certainly be increased to the extent of the sum the light and fuel would cost him. If a sum sufficient to heat and light the jail and jailer's residence is appropriated, and is placed in the hands of the jailer or any other person to be expended for that purpose, is it not in effect precisely the same as if the fiscal court had purchased and presented the jailer the fuel and light? Is not the result the same as if the jailer had said to the fiscal court, "It cost me $100 a year to heat and light the jail and jailer's residence," and the fiscal court had made an appropriation for that amount? And under the cases before mentioned this would have been in violation of the Constitution. Our construction of section 161 of the Constitution, in harmony with the other opinions construing it, is that the compensation of an officer can not be, directly or indirectly, increased or diminished during his term of office. Nor can this provision be evaded or rendered nugatory by any plan or scheme to pay to or appropriate for the benefit of an officer public money in excess of the compensation he was entitled to receive when elected to office, or that will increase at the expense of the public the fees, emoluments, or salary of his office.

The jailer under the old statute, nor, indeed, under the new, is not charged with the duty of heating or

lighting the clerk's offices or other offices in the public buildings. It is his duty to heat and light the rooms in the court-house used for holding court therein, and compensation for this is provided in sections 356 and 1730 of the Kentucky Statutes.

It is further suggested that in some counties in the State the fiscal court has erected new public buildings and has furnished them, including the jail and jailer's residence, with modern heating and lighting equipment and fixtures, appropriating a sum sufficient to provide for the fixtures and the heat and light, and that under the reasoning of this opinion the acceptance of these improvements by the county officer would be a violation of the Constitution, and the county officers should be required to pay the cost thus saved to them in expenses. It is a sufficient answer to this to say that the features of the supposed case are not presented by this record. We are deciding only the case before us.

Briefly summed up, our conclusion is that the jailer of Butler county, for the purposes requested by him, could not invoke in his behalf the beneficial provisions of the act of 1908, by requiring the fiscal court to appropriate money to compensate him for care and attention to the public buildings, or to provide the jail or jailer's residence with heat and light; nor did the court err in refusing to appropriate, at the instance of the jailer, money to heat and light the clerk's offices or other offices or rooms in the court-house.

Wherefore, the judgment of the lower court is affirmed.