## Adair Fiscal Court v. Conover, et al.

(Decided January 25, 1911.)

### Appeal from Adair Circuit Court.

1. Appropriation for Care of Public Buildings:—Under section 3948 of the Kentucky Statutes, which requires the Fiscal Court of a county to make an annual appropriation to care for, and light and heat the court house, clerk's offices, jail and other public buildings at the seat of justice, the appropriation should include the expense necessary to care for, and to light and heat the halls and all the offices in the court house that have been set aside for, and are used by the county officers in the discharge of their official duties.

2. Not to include services otherwise paid for.—But such an appropriation required by section 3948, should not include the expense of services for which compensation is provided by other sections of the statutes.

GORDON MONTGOMERY, for appellant.

JAMES GARNETT, W. W. SPAULDING and W. J. PRICE, for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

Pursuant to section 3948 of the Kentucky Statutes, the appellee Conover, as jailer of Adair county, moved the Adair fiscal court to make an appropriation for the year 1910 sufficient to purchase the labor and material necessary to keep the courthouse, the jail and other public buildings at the county seat, including the jailer's residence, in repair and in clean, comfortable and presentable condition, and to heat and light the same. He submitted an itemized estimate of expense which embraced heat and light, and care of the court room, the halls of the courthouse, the public square, the jail and the jailer's residence, the county court clerk's office, the circuit court clerk's office, the sheriff's office, the office of the school superintendent, the county judge's office,

the county attorney's office and the master commissioner's office. These offices were located in the courthouse building; had been properly set apart for the use of said officials, and were used by them in the discharge of their official duties. The county court clerk, the circuit court clerk, the sheriff, the master commissioner and the school superintendent joined the jailer in said motion.

The fiscal court made an appropriation for the purpose of keeping the public square, courthouse and jail, including the jailer's residence, in a clean and presentable condition, and to heat and light the jail, including the jailer's residence, but declined to make an appropriation for the care, heat and light of the rooms occupied by the clerks, sheriff, school superintendent, county judge, county attorney and master commissioner, respectively. Upon appeal by Conover to the circuit court, that court sustained him and adjudged that it was the duty of the fiscal court, under section 3948 of the Kentucky Statutes, to include in its appropriation the expense of caring for and heating and lighting the county clerk's office, the county judge's office, the sheriff's office, the circuit court clerk's office, the office of the school superintendent, and every office or room in said courthouse which was used by a county officer in the discharge of his official duties. From that judgment the fiscal court prosecutes this appeal.

Prior to 1908, section 3948 of the Kentucky Statutes, merely made the jailer of each county having a population of less than 75,000 inhabitants, the superintendent of the public square, courthouse, clerk's offices, jail, stray pen and the other public buildings at the seat of justice; it imposed no further duty and provided no compensation. Section 356 of the statutes fixed his compensation for each day's attendance upon the circuit court at $2; and for furnishing fuel, light and water to that court, a sum not exceeding $2 per day; while by section 1730 the jailer's compensation for attending county and quarterly courts should not exceed $2 per day, and for furnishing fuel and lights to those courts he was allowed a reasonable compensation which should not exceed $2 per day. Sections 356 and 1730 were re-enacted in 1910, without change, and are still controlling in so far as they are applicable. (Acts 1910, p. 198.) In 1908, however, section 3948 of the Kentucky Statutes was amended so as to read as follows:

"The jailer of each county not having a population of seventy-five thousand or more shall be superintendent

of public square, courthouse, clerk's offices, jail, stray pen and other public buildings at the seat of justice, and the fiscal court of each of said counties shall annually appropriate, of the county funds, a sum sufficient to purchase the labor and materials necessary to keep the public property aforesaid, including the jailer's residence, if owned by the county, in repair and in clean, comfortable and presentable condition, and heat and light the same; said sum so appropriated to be expended by the jailer for the purposes aforesaid; he shall have the power and it shall be his duty to institute and carry on the appropriate civil procedure in the name of the county to recover possession of and for injury to, or intrusion or trespass which may be committed on any of the county property named in this chapter; the net proceeds of any such recovery shall be paid to the county court in aid of the county levy.''

It is clear from this language of the statute, that the Legislature intended the fiscal court of each county should, annually, make an appropriation sufficient to pay for the proper care, lighting and heating of the public property entrusted to the jailer's custody, and the character and extent of the care is specified·in the requirement that it shall be kept in a clean, comfortable and presentable condition. Clearly, this contemplates that the county should bear the expense, not only of repairing the public property belonging to the county, but that it should also pay for whatever services are necessary to keep the courthouse, clerk's offices, jail and other public buildings in a clean, comfortable and presentable condition, and to heat and light the same. The statute includes clerk's offices and public buildings in the specifications of the property to be thus cared for and we are not inclined to confine the meaning of the term ''courthouse'' to the court rooms used in holding court. Whatever rooms or space in a courthouse that have been set aside by the custodian of that building for the use of the county officials and which are used by them in the discharge of their official duties, including the halls leading thereto, are within the scope of the statute, and should be included in the appropriation to be made thereunder by the fiscal court. The different sections of the statutes upon this subject must, however, be read together; and an appropriation made under section 3948 should not include services for which compensation is fixed by other sections of the statutes.

The judgment of the circuit court is in accordance with these views, and is affirmed.