## Brummal, Jr. v. Jackson.

(Decided December 1, 1911.)

### Appeal from Hickman Circuit Court.

Fiscal Courts—Right to Employ Jailer as Custodian of Public Buildings—Objection by County Court.—Under Kentucky Statutes, section 198, the fiscal court of a county has the right to employ the jailer of the county as the custodian of the public buildings, court house, jail, &c., and to pay him a reasonable compensation for his services, and if the county judge is not satisfied with the action of the fiscal court he should have taken an appeal from the order of said court as is authorized by the Statute.

J. M. BRUMMAL, JR. for appellant.

W. J. WEBB for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

The Fiscal Court of Hickman County, at its October term, 1910, made an order appropriating $400 for the purpose of employing the necessary labor and purchasing such material as was needed to keep the public square, courthouse, jail and public buildings of the county in repair and in a clean and comfortable condition and heat and light them. The jailer was entrusted with the expenditure of this sum, and was directed to keep an itemized statement of such expenditures, and at the end of each week was required to present same to the County Judge in writing, and to show for what expended and the respective amounts thereof; and the Judge was at the end of each week directed to draw a warrant for same, payable in cash out of said funds. The order fur-

ther provided that the jailer should be paid a janitor's fee of $15 per month. Under this order the courthouse, jail, and public buildings were heated, lighted and cared for until in April, 1911, when the Fiscal Court of said county made a new order, in which it was provided that the jailer should be paid the sum of $30 per month from that date for janitor services for cleaning the courthouse in its entirety, and the jail and jailer's residence, and that this sum was to be paid to him monthly in accordance with the former order.

The authority of the Fiscal Court for making this order is rested upon section 3948, Kentucky Statutes, page 198 of the Acts of 1910. The construction of this statute was before this court in Adair Fiscal Court v. Conover, 141 Ky., 743, and it was there held that in enacting this statute it was contemplated by the Legislature that the county should bear the expense of keeping the public property in repair, and should also pay for such services as were necessary to keep the courthouse and such offices therein as were in use in a clean, comfortable and presentable condition, and to heat and light same. In making this provision for the care and keep of the courthouse and public buildings, the Fiscal Court was acting clearly within the authority given by said act.

Under the authority of this order of court, entered at its April term, 1911, the jailer, Mit Jackson, discharged the duties imposed upon him by the statute, and the requirements of the court for the month of April, and at the end thereof presented his claim to the County Judge and requested that a warrant be issued to him therefor in accordance with the order of the court. The County Judge declined to issue the warrant, and thereupon the jailer instituted his suit in the Circuit Court, wherein he prayed for a mandatory writ requiring the County Judge to order the warrant, the clerk to issue same, and the sheriff to pay it. The county clerk and the sheriff filed their separate answers, in which they recited the fact that they were without authority to pay in the absence of a warrant.

The County Judge resisted payment upon two grounds. First, he was of opinion that the Fiscal Court was without authority to employ the jailer to discharge these duties; and second, that if it had such authority, the jailer had not properly and according to law discharged them, and that, therefore, he was not entitled to the compensation. Issue was joined upon the question

of fact raised by the answer of the County Judge, and upon a consideration of the pleadings and proof offered the chancellor was of opinion that the plaintiff was entitled to the relief sought, and he issued the writ directing the warrant to be issued and the money paid to the jailer. The County Judge appeals.

We are confronted at the outset with the question, did either paragraph of the answer of the County Judge present a defense? Disposing of these paragraphs in the order of their importance, first, had the Fiscal Court the power and authority to employ the jailer to do this work as janitor?

This precise question was before this court in Adair Fiscal Court v. Conover, supra, and, without elaboration, it was there held that it was the duty of the Fiscal Court to make the necessary appropriation to properly provide for the care, keep, etc., of the public buildings, as provided for in section 3984, Kentucky Statutes. In that suit the jailer was made the janitor, and he prosecuted the suit. In affirming the judgment here the right of the Fiscal Court to employ the jailer as janitor was recognized. As the jailer is by statute made the custodian of the public buildings, courthouse, jail, etc., it was entirely proper for the Fiscal Court to employ him to render the duties imposed upon the janitor by the act in question. In fact, it is apparent that the act was passed for the very purpose of enabling Fiscal Courts in the various counties throughout the State to employ the jailers therein and pay them a reasonable compensation for the services required by the act.

This brings us to a consideration of the second point raised by the County Judge, to-wit, that the jailer had not properly discharged his duties as janitor. May he raise this question? The County Judge is, by virtue of his office, a member of the Fiscal Court. He presides over its meetings. The appropriation which the Fiscal Court made was in the lump sum of $360 for the year, to be paid monthly, $30 per month. The jailer was, by the order, employed to render this service; and in the same order in which the appropriation was made, the County Judge was directed to issue his warrant at the end of each month in favor of the jailer for this amount. We are of opinion that, in drawing this order, the County Judge was not acting in his capacity as Judge of the County Court, but was acting as a committee of one, appointed by the Fiscal Court for this very purpose. He

was not discharging a duty about which he could exercise a discretion. It was purely ministerial. He had no more right to refuse to issue the warrant than the treasurer of the county would have had to refuse to pay it when presented to him by the jailer. The Fiscal Court is, by the act, charged with the duty of seeing that the public square, courthouse, public building, jail, jailer's residence, etc., are kept in repair, in a clean and comfortable condition, and properly heated and lighted. It, as a court, must determine what is a reasonable sum to be expended annually for this purpose; and in making the order which it did at its April term, 1911, it exercised the discretion given it by him bearing upon this subject. Nowhere is the County Judge charged with any duty whatever looking toward the discharge of these duties. It is a matter left alone to the Fiscal Court, and the fact that that body directed him to draw the warrant at the end of each month did not invest him with any discretionary powers more than would have been given to any magistrate on whom the authority to issue the warrant might have been conferred. The County Judge sits as a member of this court; he has a voice in its proceedings; and when he opposed the passage of this measure he exercised the only discretion given him. If he was dissatisfied with this order of the Fiscal Court and felt that it was exceeding its statutory power in the matter, or arbitrarily or improperly exercising that power, his remedy was by appeal. He should not attempt in an indirect way to defeat the will of the magistrates and nullify the order which had been passed over his protest and against his judgment. If dissatisfied therewith he should have taken an appeal therefrom, as is expressly authorized by statute.

We are of opinion that neither paragraph of the answer presented a defense. But as the evidence introduced shows that the jailer had, during the time complained of, performed his duties reasonably well—we might say, as well as jailers throughout the Commonwealth are accustomed to perform their duties—and although there is some evidence tending to show that he had not kept the courthouse and various rooms therein and floors thereof as clean as they might have been, still, in the light of the testimony showing that his work had been done in a fairly presentable manner, the chancellor

found in his favor. Hence, even though this paragraph of the answer was held to be good, the jailer was not prejudiced on this account.

Judgment affirmed.