## Knott County Fiscal Court v. Duke, Jailer.

### (Decided February 19, 1914.)

### Appeal from Knott Circuit Court.

1. Jailers—Compensation for Taking Care of Public Property.—A jailer has no authority to expend any money in taking care of or in repairing public buildings or keeping them in a clean, comfortable and presentable condition, or in heating and lighting them, unless the fiscal court has first authorized the expenditure.

2. Jailers—Unauthorized Expenditure of Public Funds by.—A jailer who, without first getting the consent of the fiscal court, expends money in repairing or taking care of public buildings, or in heating or lighting them, cannot recover the amount so expended from the county.

3. Fiscal Courts—Care of Public Buildings—Duty of.—Under Section 1840 and Section 3948 of the Ky. Statutes the fiscal court of the county is charged wih the duty of erecting and keeping in repair the public buildings and of appropriating a sufficient sum to keep them in a clean, comfortable and presentable condition, and heat and light the same, and this duty it may be compelled to perform by a mandamus proceeding.

J. E. PERKINS, County Attorney, JASON RICHIE and JOE HALL for appellant.

SMITH & COMBS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

Preliminary to taking up the merits of this case, we may say concerning a motion made in due time to strike the bill of exceptions from the record, that it is not necessary to pass on this motion, because in disposing of the case we will only consider such questions as are

shown in the record independent of the bill of exceptions. We do not find it necessary to look to the bill of exceptions at all in deciding the case, and our conclusion would be precisely the same if the case had been brought up on the pleadings and exhibits filed therewith without any bill of exceptions, as all the questions arising on the record that are entitled to any consideration are shown by so much of it as we have indicated.

This is a controversy between the jailer of Knott County and the fiscal court as to the correctness of certain claims presented by the jailer against the county. On January 11, 1911, the fiscal court made the following order:

"Ordered by the court that there be and is appropriated out of the county funds of Knott County for the year 1911, the sum of $250.00 to J. W. Duke, jailer of Knott County, payable quarterly out of the county funds of Knott County for the year 1911, to purchase the labor and material necessary to keep the public property, including the public square, court house, clerks' offices and jail and other public buildings in good repair."

In January, 1912, Duke presented a claim to the fiscal court of the county for labor and services rendered by him during the year 1911, amounting to $1,680.39, and the fiscal court allowed $1,366.00 of this claim, rejecting $314.39 of it.

From the order of the fiscal court rejecting that part of his claim that it did reject, Duke prosecuted an appeal to the circuit court. When the case came on for trial in the circuit court the whole of Duke's claim came before the court and the judge passed on the correctness of all the items in the account presented by Duke about which there was controversy between Duke and the fiscal court except an item of $639.00, which Duke presented for services and labor and money expended in keeping the public buildings in a clean, comfortable and presentable condition during the year 1911. This item the court submitted to a jury, and the jury found that for this labor, expense and attention Duke should have $400.00. It was thereafter adjudged by the court that the fiscal court was indebted to Duke for the year 1911 in the sum of $1,503.02, and from this judgment the fiscal court prosecutes this appeal.

A part of Duke's claim consisted of statutory charges for waiting on the court of claims, the quarterly court

and the county court. As the circuit court reduced these items to conform to the statute, this much of the judgment will not be disturbed.

Another part of his claim consisted of statutory charges for committing, dieting and releasing prisoners. These charges the court reduced to conform to the statute, and the judgment in this respect will be permitted to stand.

The remainder of Duke's account amounted to $920.28, and was made up of a number of items for articles such as brooms, soap, washing, blankets, disinfectants, nails, brushes, chairs, buckets and other things, including an article of furniture for the sheriff. There was also included in this $920.28 the following items: Work on walks, $11.87; lights and furniture, $73.87; coal, $96.00, and labor for taking care of court house and jail, $456.00.

Although on this appeal the whole of the judgment rendered in the circuit court, and each item thereof, is before us for review, as the whole of it was before the circuit court for review on the appeal of Duke, we will only consider the question whether Duke, as jailer, had the legal right to charge the county with and recover from it any part of the $920.28 except the $250.00 allowed him in the order hereinbefore set out, as the only error in the judgment grows out of the rulings of the court on this subject. Nor is the fiscal court estopped from questioning in this court the whole of the difference between the $250.00 and the $920.28 by the fact that when Duke's claim was presented, it allowed a part of this difference, as when Duke appealed to the circuit court the whole of his claim, and every item thereof, came up for review in that court and every class of items in his claim was reviewed in that court; and, as before stated, the whole of it is now before us for review.

Getting back to the question directly at issue upon this appeal, it is this: Can a jailer, without first being authorized by the fiscal court so to do, expend money for any purpose, however necessary it may be, and charge the county therewith, unless he has been authorized by the fiscal court of the county to make the expenditure before making it? Sec. 3948 of the Kentucky Statutes reads:

"The jailer of each county not having a population of seventy-five thousand or more shall be superintendent of public square, court house, clerk's offices,

jail, stray pen and other public buildings at the seat of justice, and the fiscal court of each of said counties shall annually appropriate, of the county funds, a sum sufficient to purchase the labor and materials necessary to keep the public property aforesaid, including the jailer's residence, if owned by the county in repair and in clean, comfortable and presentable condition, and heat and light the same; said sum so appropriated to be expended by the jailer for the purposes aforesaid; he shall have the power and it shall be his duty to institute and carry on the appropriate civil procedure in the name of the county to recover possession of and for injury to, or intrusion or trespass which may be committed on any of the county property named in this chapter; the net proceeds of any such recovery shall be paid to the county court in the aid of the county levy. "

It will be noticed that this section provides that the jailer shall be the superintendent of the public buildings and the public square, and that the fiscal court shall annually appropriate from the county funds a sum sufficient to keep the public buildings in repair and in clean, comfortable, presentable condition, and that the sum so appropriated shall be expended by the jailer for the purposes intended. .

This statute contemplates that the jailer shall only expend for the purposes mentioned in the statute such a sum of money as the fiscal court has appropriated for that purpose. The fiscal court of the county is charged by Sec. 1840 with the duty of erecting and keeping in repair necessary public building, a sufficient jail, and a comfortable and convenient place for holding court, and generally with the control and disposition of the public funds of the county, and it is the duty of the fiscal court to appropriate such funds as may be needed under sec. 1840, as well as under sec. 3948. But if the fiscal court fails or refuses to make the appropriations contemplated by these sections, it is no concern of the jailer's, and he has no authority whatever to expend any money for any purpose intending to make it a charge against the county without first obtaining the consent and direction of the fiscal court.

In this case the jailer came to the conclusion that the fiscal court did not appropriate a sufficient sum of money to keep the public buildings in repair, or to keep them in

a clean, comfortable and presentable condition, or heat and light them, and, without asking the consent of the fiscal court, undertook to expend for these purposes such sums of money as in his opinion were necessary for the purposes indicated. The jailer in doing this was usurping the authority and functions of the fiscal court and taking into his own hands the control and disposition of affairs that the statute confided exclusively to the fiscal court.

In Adair Fiscal Court v. Conover, 141 Ky., 743, it appears that the jailer of Adair county submitted to the fiscal court an itemized estimate of the cost of doing the things mentioned in sec. 2948, and moved the fiscal court to make an appropriation sufficient to purchase the labor and material necessary for these purposes. Upon considering the estimate submitted by the jailer, the fiscal court declined to make an appropriation sufficient to cover the items of expense set forth in the statement submitted, and the jailer prosecuted an appeal to the circuit court from the action of the fiscal court refusing to allow a sufficient sum, and the circuit court sustained the contention of the jailer and directed the fiscal court to make the appropriation. This was the course that Duke should have pursued if he thought the $250.00 appropriated by the court was not a sufficient sum to enable him to furnish the labor and material required by the statute.

For the reasons indicated, the judgment of the lower court is reversed, with directions to enter a judgment against the county for the amount found by the circuit judge to be correct for committing, dieting and releasing prisoners, and for waiting on the quarterly court, county court and court of claims, and for the sum of $250.00 in addition thereto.