## Bell Fiscal Court et al. v. Helton.

(Decided March 1, 1935.)

220

W. L. HAMMOND and WALTER B. SMITH for appellants.

MARTIN T. KELLY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

James S. Helton, who was jailer of Bell county for the years 1930 to 1933, inclusive, brought this suit. against the Bell county fiscal court and its members and the county treasurer to compel the fiscal court. either to allow or disallow a claim of $364.62, and to compel the payment of certain warrants issued for the following claims which were approved and allowed by the fiscal court, for services and supplies rendered. and furnished for the year 1932:

For Janitor services at $100 per month for September, October, November and Decem-

| | |
|---|---:|
| ber, 1932 ..............................$ | 400.00 |
| Services to County ......................... | 72.36 |
| Transporting prisoners ..................... | 18.50 |
| Jail supplies ............................... | 202.90 |
| Speed Durham ............................. | 22.40 |
| Dieting Prisoners October, 1932 ............. | 201.40 |
| Dieting Prisoners September, 1932 ........... | 249.80 |
| Dieting Prisoners November, 1932 ........... | 325.40 |
| Dieting Prisoners December, 1932 ............ | 291.00 |
| Labor on Jail to John Moore ................ | 19.75 |
| Total Claims..........................$ | 1,803.51 |

After their demurrer to the petition, as amended, had been overruled, the defendants filed an answer, an.

amended answer, and a second amended answer, to all of which the court sustained a demurrer, and they having declined to plead further, judgment was rendered continuing the case as to the claim of $364.62, which the court had theretofore directed the fiscal court to consider and either allow or disallow, and granting a mandamus directing the payment of the warrants in the sum of $1,803.51, with interest thereon from the time the warrants were marked "Interest bearing" by the treasurer. The defendants appeal.

There being no appeal from the order directing the fiscal court to meet and either allow or disallow the claim of $364.62, and no relief other than the continuance of the case as to that item having been granted by the judgment appealed from, the only question before us is whether the court properly directed the payment of the warrants aggregating the sum of $1,-803.51. In their answer and amendments the defendants challenged in a way the propriety of the fiscal court's action in allowing certain of the claims in question, and presented the further defense that Helton, if paid the $1,803.51, would receive more than $5,000, the limit of compensation fixed by section 246, Constitution, for official services independent of the compensation of legally authorized deputies and assistants. Respecting the excess of compensation, the facts pleaded are: According to his settlement filed with the fiscal court, Helton's gross receipts from all sources for the year 1932 were $19,048.25, and his gross expenses $15,331.50, thus showing a net income for that year of $3,716.75. In addition to this, Helton received for the year 1932 from the county a monthly salary of $100 as custodian of the courthouse, making a total of $1,200, thus making his net income $4,916.75. By reason of this fact, he was entitled to collect only $83.25, the balance necessary to make up the $5,000, and the county was entitled to have the warrants cancelled to the extent of $1,720.26, the excess over $5,000.

Respecting the contention that certain of the claims were too indefinite and should not have been allowed, but little need be said. The rule is that if there is not authority of law for the payment of the claim, the order making the allowance is void, and the money paid may be recovered in a direct proceeding by proper officers of the county, or by a citizen and taxpayer upon

their failure to sue after demand, and for the same reason payment may be resisted (Hickman County v. Scarborough, 150 Ky. 1, 149 S. W. 1116; Mills v. Lantrip, 170 Ky. 81, 185 S. W. 514); but if there is authority of law for the payment, the order of the fiscal court making the allowance is not void and the only relief is by appeal. Here there was authority of law for the payment of each of the claims, and having been allowed by the fiscal court, none of them may be collaterally attacked.

But it is insisted that the answer, as amended, presented a case where the $1,200 paid Helton, as custodian of the county jail, should have been included in his compensation for the year 1932. Under the statute, the jailer of each county not having a population of 75,000 or more is superintendent of public square, courthouse, clerk's offices, jail, stray pen, and other public buildings at the seat of justice, and it is provided that the fiscal court shall annually appropriate a sum sufficient to purchase the labor and materials necessary to keep the public property, including the jailer's residence if owned by the county, in repair and in clean, comfortable, and presentable condition, and heat and light the same, and the sum so appropriated is to be expended by the jailer for such purposes. It is true, as held in Adair Fiscal Court v. Conover, 141 Ky. 743, 133 S. W. 761, 762, that the statute contemplates "that the county should bear the expense, not only of repairing the public property belonging to the county, but that it should also pay for whatever services are necessary to keep the courthouse, clerk's offices, jail, and other public buildings in a clean, comfortable, and presentable condition, and to heat and light the same," but it is not true that the sum allowed is never a part of the compensation of the jailer. On the contrary, we held in Frizzell v. Holmes, 131 Ky. 373, 115 S. W. 246, that the statute increased the compensation of jailers in office at the time of its enactment, and was therefore inapplicable to them. We also pointed out in the case of Brummal v. Jackson, 145 Ky. 630, 140 S. W. 1016, that the very purpose of the act was to enable fiscal courts to employ the jailers and to pay them reasonable compensation for the services required by the act. In short, the allowance is made to the jailer for labor and expenses imposed upon him by the statute as jailer, and not for purposes foreign to his

office. Of course, to the extent of the sums actually paid by the jailer to others for labor and expenses for the purposes named, the sum allowed the jailer is no part of his compensation, but the balance or whatever the jailer retains for his own services is necessarily a part of his compensation. Hence, the total sum allowed under the statute should be included in the gross receipts which the jailer is required to report to the fiscal court [Holland v. Fayette County, 240 Ky. 37, 41 S. W. (2d) 651], and he may take credit for whatever sums he actually paid to others for the labor and expenses contemplated by the statute. In view of the fact the sum allowed is for compensation, and the jailer alone knows what sums he has paid out for labor and expenses, we think an allegation that the jailer was allowed and paid a certain sum makes out a prima facie case and imposes upon him the burden of showing the credits to which he is entitled. If, as is alleged, appellant received as compensation for the year 1932 the sum of $1,200 in addition to the $3,716.75 actually paid him, it necessarily results that practically all of the claims sued on are invalid on the ground that appellant had already received compensation up to the $5,000 limit fixed by the Constitution.

As the answer, as amended, presented a defense, it follows that the demurrer was improperly sustained.

Judgment reversed and cause remanded for proceedings not inconsistent with this opinion.

Whole court sitting.