**James E. TIERNEY, as County Treasurer of Jefferson County, Kentucky, Appellant,**

**v.**

**Bertram C. VAN ARSDALE, as County Judge, et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 19, 1960.

Edwin H. Stierle, Louisville, for appellant.

Charles W. Dobbins, Raymond F. Bossmeyer, Louisville, for appellees.

CULLEN, Commissioner.

In a declaratory judgment action brought by the county treasurer of Jefferson County against the fiscal court of the county, questions were raised as to the validity of Section 2 of Chapter 25 of the Acts of 1958 (KRS 64.500), authorizing counties to pay annual sums to circuit

judges as reimbursement for expenses, and as to the validity of a resolution of the Jefferson Fiscal Court granting each circuit judge of the county an expense allowance of $1,200 per annum. The circuit court (a special judge presiding) held the statute and the resolution valid, and the treasurer has appealed.

The statute is as follows:

"The fiscal court of any one or more counties located in any judicial district may allow and pay to the judge or judges of the circuit court of the district such annual sum as will reimburse the judge or judges for such incidental and office expenses incurred in discharging the duties of the office, including, but not limited to, office rental, lights and heat, automobile expenses not reimbursable under KRS 64.505, stenographic services, postage, telephone service, supplies, stationery, books and periodicals, as the fiscal court deems just and proper. Two or more counties in the same district may prorate or divide any allowance for such expenses."

The resolution of the fiscal court, omitting the preamble, is as follows:

"Now, Therefore, on motion made, duly seconded and unanimously carried, it is resolved that each of said Circuit Judges shall receive the sum of $1,200.-00 as reimbursement for incidental and office expenses incurred in the discharging of the duties of his office, which is a minimum amount, and directs the Treasurer that said sum be payable in equal monthly installments and that the first payment to each of said Judges shall be retroactive to July 1, 1958, and include $100.00 for each month from said date until receipt of payment and that thereafter said Judges shall receive the sum of $100.00 per month as reimbursement for said expenses".

In Manning v. Sims, 308 Ky. 587, 213 S.W.2d 577, 586, 5 A.L.R.2d 1154, the Court of Appeals (special judges sitting) upheld the validity of a legislative act (since repealed) which provided:

"Each Circuit Court Judge of the State shall be paid out of the State Treasury, each month, the sum of $100.00, which sum is hereby declared to be the equivalent of the minimum sum that each Judge will expend each month, in the performance of his official duties, for postage, telephone service, supplies, stationery, stenographic assistance, law clerk hire, and books and periodicals. * * *"

The appellant maintains that the 1958 Act, and the implementing resolution of the fiscal court, amount in substance to the payment of compensation in excess of the maximum limit for circuit judges prescribed by Section 246· of the Kentucky Constitution, and an increase in the salaries of the judges during their terms in violation of Section 235 of the Constitution. However, he concedes that this argument cannot be sustained if the holding in Manning v. Sims is to be followed, and he argues that the Manning case is unsound and should be overruled.

The decision in the Manning case was based upon ample precedent and upon good authority from other jurisdictions, and we believe it is sound. We find no justification for overruling it, and we will adhere to it. As conceded by the appellant, it is controlling here.

The holding in the Manning case is that an allowance of a lump sum for official expenses, based upon a legislative estimate of such expenses, is not to be considered as an increase of compensation, and cannot be questioned by the courts unless it is "so plainly and palpably in excess of any amount of expenses which could possibly be incurred by the judges in the discharge of their official duties as to show without evidence or argument, beyond all reason-

able doubt, that the Legislature intended to increase the salary of the judges and not to provide for the payment of expenses incident to the discharge of their official duties." 213 S.W.2d 585.

We perhaps should mention that there may be a kind of exception to the above holding in the situation where an officer has been required by law to perform a specific, particular service at his own expense, and thereafter during his term legislation is enacted making him an allowance for such expense. Such was the situation in Frizzell v. Holmes, 131 Ky. 373, 115 S.W. 246, where the jailer had been required by law to furnish heat and light for the jail and subsequently the legislature authorized an appropriation of public funds for this expense. But we have no such situation here. The expenses provided for by the statute and resolution are of a general nature, and are not such as the judges have been required specifically to bear. In fact, the expenses contemplated may be considered to be in great part of a character which the judges could not previously afford to incur, although desirable for expedition or convenience in the performance of official duties.

The appellant points out that some of the expenses mentioned in the statute already are being provided, at least in part, out of county funds. For example, Jefferson County furnishes office quarters, some stenographic and clerical assistance, telephone service, and law books in a central library. However, this does not establish that the judges could not possibly or reasonably expend as much as $100 per month for more comfortable and convenient office furnishings and equipment, full stenographic assistance, individual law books for ready reference, and the other things contemplated by the statute.

The appellant states that the county attorney advised the fiscal court, at the time the resolution was under consideration, that automobile expense for travel from home to office, and the amount of the judges' contributions to the circuit judges' retirement fund, would be proper official expenses under the statute and resolution. We do not find it necessary to pass on the question of whether these expenses could properly be considered official rather than personal. Neither the statute nor the resolution gives any indication that the allowance is to be predicated to any extent on the incurring of these two particular expenses, and it is clear that the judges can easily expend the entire allowed amount for expenses definitely of an official character. So the question of whether an allowance might have been made for the two expenses in question is strictly academic.

■ A question is raised as to the sufficiency of the title of the 1958 Act, under Section 51 of the Kentucky Constitution. In addition to making provision for expense allowances, the Act provided that the state would pay the full $8,400 compensation of circuit judges (in lieu of a former provision under which the state paid $7,500 and the counties supplemented the salary up to $8,400), and appropriated the money necessary to pay the additional compensation and the additional cost of state contributions to the judges' retirement fund. The title of the Act was "An Act relating to compensation of circuit judges, making an appropriation therefor."

It is argued that if the expense allowance is not "compensation" within the meaning of Section 246 of the Kentucky Constitution, then it cannot be "compensation" within the meaning of the title of the Act, and therefore the expense allowance provision of the Act must fail because not covered by the title.

It is true that the word "compensation" has acquired a special meaning as used in Section 246 of the Constitution. But a person reading the title of an Act, for the purpose of determining whether the Act deals with a subject matter in which he is interested, is concerned only with general subject areas, and he has no occasion to accord a specialized meaning to a particular

word used in the title unless the context of the title indicates that a specialized or limited meaning was intended.

The word "compensation" in common, general usage is broad enough to include recompense of expenses. State ex rel. Banker v. Clausen, 142 Wash. 450, 253 P. 805; Byram v. Miner, 8 Cir., 47 F.2d 112; Cone v. Garner, 175 Ark. 860, 3 S.W.2d 1; Salz v. State House Commission, 18 N.J. 106, 112 A.2d 716. So we think the title here in question is broad enough to cover the expense provision of the Act, and is not deceptive or concealing.

The judgment is affirmed.