James R. YOCOM, Commissioner, Department of Labor of Kentucky, for Himself and on Behalf of Rick Burke, James Stewart and John Webb, Appellant,

v.

FRANKLIN COUNTY FISCAL COURT et al., Appellees.

Court of Appeals of Kentucky.

May 27, 1977.

E. H. Tingle, Asst. Counsel, Dept. of Labor, Frankfort, for appellant.

William A. Young, County Atty. of Franklin County, Frankfort, for appellees.

Before MARTIN, C. J., and PARK and GANT, JJ.

MARTIN, Chief Judge.

The Kentucky Department of Labor by a complaint filed in the Franklin Circuit Court alleged that the Franklin County Fiscal Court was liable for overtime pay due three deputy jailers. The Franklin Circuit Court disagreed, dismissing the complaint on the basis that any liability rested with the Franklin County Jailer, an elected constitutional official who was not a party to these proceedings. This appeal followed, and we affirm.

As determined in the findings of the trial court, this dispute began in the Spring of 1976 when the Department of Labor conducted an audit of the time and pay records of certain employees of the Franklin County Jailer. Without a great deal of investigation and supported by the affidavits of the deputy jailers, it was determined by the department that the Franklin County Fiscal Court owed these men $6,500.00 for overtime work. This computation was based on alleged work performed by these deputy jailers in excess of forty hours per week for which they were paid. The Fiscal Court refused to pay since they had never been employees of the county.

The Jailer of a county may under KRS 71.060 appoint two deputy jailers. Any additional deputy jailers must be approved by an appropriate order of the county court. In the present case the Franklin County Court has no record of approving the employment of the deputies who are the beneficiaries of the claim brought by the Department of Labor.

The Department of Labor has failed to show why the case of *Todd County Fiscal Court v. Frey*, Ky., 285 S.W.2d 499 (1956), is not controlling in the present circumstance. In that case the County Treasurer of Todd County made claim against the Fiscal Court for office rent and supplies which the court was to have provided during her term of office. In denying the claim even though the statutes required that such items be supplied, the court held no such arrange-

ments are binding upon the county without the appropriate order of the county fiscal court.

As was pointed out in *Knott County Fiscal Court v. Duke*, 157 Ky. 499, 502, 163 S.W. 459, 461 (1914), the Jailer of a county has "no authority whatever to expend any money for any purpose, intending to make it a charge against the county, without first obtaining the consent and direction of the fiscal court."

The reasoning by which the trial court reached its decision is sound and the Judgment dismissing the complaint is affirmed.

All concur.