

# The Attorney General of Texas

August 30, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

001 Texas, Suite 700
.ouston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Gibson D. (Gib) Lewis
Speaker of the House
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-195

Re:   Whether article 5996a,
V.T.C.S., the nepotism law,
is applicable to appointments
to the interim State Board of
Education

Dear Speaker Lewis:

You request our opinion as to whether article 5996a, V.T.C.S.,
the nepotism statute, is applicable to appointments to the interim
State Board of Education created by House Bill No. 72.  Acts 1983,
68th Leg., 2d C.S., ch. _____, §4, at _____ (not yet published).
That bill creates a transitional State Board of Education, whose
members are to be appointed by the governor, upon recommendation of
the Legislative Education Board.  The bill enacts section 11.22(k) of
the Education Code to provide that members

> shall receive no salary but shall be reimbursed
> for all expenses incurred in attending meetings of
> the board or incident to any judicial action taken
> because of appeal from a board order.

You ask whether article 5996a applies to appointments to the
board.  That statute provides, in pertinent part:

> No officer of this State nor any officer of any
> district, county, city, precinct, school district,
> or other municipal subdivision of this State, nor
> any officer or member of any State district,
> county, city, school district or other municipal
> board, or judge of any court, created by or under
> authority of any General or Special Law of this
> State, nor any member of the Legislature, shall
> appoint, or vote for, or confirm the appointment
> to any office, position, clerkship, employment or
> duty, of any person related within the second
> degree by affinity or within the third degree by
> consanguinity to the person so appointing or so
> voting, or to any other member of any such board,

> the Legislature, or court of which such person so
> appointing or voting may be a member, when the
> salary, fees, or compensation of such appointee is
> to be paid for, directly or indirectly, out of or
> from public funds or fees of office of any kind or
> character whatsoever . . . .

Specifically, you inquire whether the reimbursement of expenses to board members constitutes "salary, fees, or compensation" for purposes of article 5996a.

No Texas case has directly addressed this question.  Although one court has said that the word "'compensation' is broad enough to include recompense of expenses," Tierney v. Van Arsdale, 332 S.W.2d 546, 549 (Ky. 1960), the majority of cases from other jurisdictions which have considered the question have held that reimbursement for expenses is not embraced within the meaning of the term.  In Manning v. Sims, 213 S.W.2d 577 (Ky. 1948), for example, the court said that

> the allowance of reasonable expenses incurred in
> the discharge of the official duties of an office
> is neither salary, compensation nor an emolument
> of the office . . . .

213 S.W.2d at 580.  In Spearman v. Williams, 415 P.2d 597 (Okla. 1966), the Supreme Court of Oklahoma declared: '

> office and traveling expenses incurred by members
> of the Legislative Council are expenses of the
> performance of official duties and are not
> compensation, salary or emoluments . . . .

415 P.2d at 602.  And in Hoppe v. State, 469 P.2d 909 (Wash. 1970), the court said that

> the word 'compensation' . . . does not embrace nor
> include appropriate reimbursement for expenses
> incurred . . . .

469 P.2d at 912.  See Whitehead v. Julian, 476 S.W.2d 844 (Tex. 1972) (expense allowance paid to city mayor does not make position a "lucrative" office within meaning of art. III, §19, Tex. Const., making the holder of a lucrative office ineligible for state legislature).

In our opinion, the term "compensation" as used in article 5996a should not be construed to include statutory reimbursement for expenses incurred in attending meetings of the interim State Board of Education.  Thus, since no "salary, fees or compensation" will be paid

to members of the board, article 5996a has no application to appointments thereto.

S U M M A R Y

Article 5996a, V.T.C.S., the nepotism law, is not applicable to appointments to the interim State Board of Education created by House Bill No. 72, Acts 1983, Sixty-eighth Legislature, Second Called Session, chapter _____, section 4, at _____, since the members thereof do not receive "compensation," but only reimbursement for expenses incurred.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton