Honorable Gibson D. (Gib) Lewis Speaker of the House Texas House of Representatives P.O. Box 2910 Austin, Texas 78769
Re: Whether article 5996a, V.T.C.S., the nepotism law, is applicable to appointments to the interim State Board of Education
Dear Speaker Lewis:
You request our opinion as to whether article 5996a, V.T.C.S., the nepotism statute, is applicable to appointments to the interim State Board of Education created by House Bill No. 72. Acts 1983, 68th Leg., 2d C.S., ch. ___, § 4, at ___ (not yet published). That bill creates a transitional State Board of Education, whose members are to be appointed by the governor, upon recommendation of the Legislative Education Board. The bill enacts section 11.22(k) of the Education Code to provide that members
 shall receive no salary but shall be reimbursed for all expenses incurred in attending meetings of the board or incident to any judicial action taken because of appeal from a board order.
You ask whether article 5996a applies to appointments to the board. That statute provides, in pertinent part:
 No officer of this State nor any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, nor any officer or member of any State district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any General or Special Law of this State, nor any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever. . . .
Specifically, you inquire whether the reimbursement of expenses to board members constitutes "salary, fees, or compensation" for purposes of article 5996a.
No Texas case has directly addressed this question. Although one court has said that the word "`compensation' is broad enough to include recompense of expenses," Tierney v. Van Arsdale,332 S.W.2d 546, 549 (Ky. 1960), the majority of cases from other jurisdictions which have considered the question have held that reimbursement for expenses is not embraced within the meaning of the term. In Manning v. Sims, 213 S.W.2d 577 (Ky. 1948), for example, the court said that
 the allowance of reasonable expenses incurred in the discharge of the official duties of an office is neither salary, compensation nor an emolument of the office. . . .
213 S.W.2d at 580. In Spearman v. Williams, 415 P.2d 597 (Okla. 1966), the Supreme Court of Oklahoma declared:
 office and traveling expenses incurred by members of the Legislative Council are expenses of the performance of official duties and are not compensation, salary or emoluments. . . .
415 P.2d at 602. And in Hoppe v. State, 469 P.2d 909 (Wash. 1970), the court said that
 the word `compensation' . . . does not embrace nor include appropriate reimbursement for expenses incurred. . . .
469 P.2d at 912. See Whitehead v. Julian, 476 S.W.2d 844 (Tex. 1972) (expense allowance paid to city mayor does not make position a "lucrative" office within meaning of art. III, § 19, Tex. Const., making the holder of a lucrative office ineligible for state legislature).
In our opinion, the term "compensation" as used in article 5996a should not be construed to include statutory reimbursement for expenses incurred in attending meetings of the interim State Board of Education. Thus, since no "salary, fees or compensation" will be paid to members of the board, article 5996a has no application to appointments thereto.
 SUMMARY
Article 5996a, V.T.C.S., the nepotism law, is not applicable to appointments to the interim State Board of Education created by House Bill No. 72, Acts 1983, Sixty-eighth Legislature, Second Called Session, chapter ___, section 4, at ___, since the members thereof do not receive "compensation," but only reimbursement for expenses incurred.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General