CASE 67—ACTION ON INSURANCE POLICY—FEB. 1.

## Western Assurance Co. v. Ray, Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. INSURANCE—PLEADING—PETITION.—In an action on an insurance policy covering "tobacco, . . . . of others where they (the assured) may be legally liable," a petition is good which states, "that about the 9th day of February, 1895, while the said contract or policy of insurance was in full force and effect and was held and owned by plaintiff, the property covered by the said contract of insurance was visited by fire, and a large amount thereof, viz.: property to the extent and value of $13,369.90, covered by said policy, was destroyed by fire without any fault whatever on the part of plaintiffs."

2. SAME. INTENDMENT AFTER VERDICT.—Whether the original petition was good or not, its validity will not be examined after an answer to the merits had been filed and there has been a verdict in plaintiffs' favor.

3. SAME—EVIDENCE.—In an action on an insurance policy it is not error to permit appraisers who adjusted a loss between plaint-

iffs and other insurance companies incurred at the same time to use their award as a memorandum to refresh their recollection as to the amount of tobacco burned.

4. SAME—INCREASE OF RISK—QUESTION OF FACT.—Whether any particular tobacco was within the terms of the policy and whether its storage operated to increase the risk were questions of fact for the jury.

5. SAME—FALSE STATEMENT IN PROOF OF LOSS.—A false statement in proofs of loss, to avoid the policy, must be known to be false, and whether they were thus so known is a question of fact which this court will assume, in the absence of the instructions, to have been properly submitted to the jury.

GRUBBS & MORANCY, FOR THE APPELLANT.

1. The court below erred in overruling the defendant's demurrer to the petition. The statement that the property was burned covered by said policy is a mere legal conclusion.

2. For similar reasons, the court below erred in refusing on appellant's motion to peremptorily instruct the jury to find for the defendant.

3. The lower court also erred in permitting the plaintiffs over defendant's objection to introduce evidence of the fact that some of the insurance companies other than the appellant had arbitrated this loss with the plaintiffs and had paid in accordance with the award of the arbitrators. This testimony was incompetent for two reasons: (a) because it was not primary evidence, and (b) because the payment by the other companies under the award could have no legal connection whatever with appellant's liability to pay.

4. The judgment ought to be reversed because the verdict was flagrantly against the evidence. Chapman v. Pole, 22 L. T. N. S., 306; also found on pages 476, etc., Richards on Insurance; May on Insurance, sec. 477.

5. The court erred in refusing to instruct the jury to find for the defendant as to the sixteen hogsheads of tobacco, known as the "Story" tobacco, and the jury in no event should have included that tobacco in assessing the recovery.

6. The risk was increased and the policy voided by the plaintiffs permitting Story to rehandle tobacco in the building.

7. The proof of loss varied so widely from the evidence that it can not be said that any proof of loss was furnished to the company.

Western Assurance Co. v. Ray, &c.

Same counsel in a supplemental brief, cited a recent number of the Central Law Journal, referring to the following authorities:  Hand v. Ins. Co., 57 Minn., 519; Aetna Ins. Co. v. McGuire, 51 Ill., 342; Cobb v. Ins. Co., 11 Kan., 93; Cal. Ins. Co. v. Gracey, 15 Colo., 73; Home Ins. Co. v. Fallon (Neb.) 63 N. W. R., 860; LaPlant v. Fireman's Ins. Co., 70 N. W. R., ——.

PHELPS & THUM, AND DODD & DODD, FOR THE APPELLEES.

Counsel for the appellees discussed *seriatim* the points set out by the appellant's counsel as a ground for reversal, and in support of their contention, made the following citations; Thompson v. Brannin, Brand & Glover, 94 Ky., 490; Fireman's Ins. Co. v. Cecil, 12 Ky. Law Rep., 259; Coldsbury v. May, 1 Litt., 254; Com. for use of McChord, v. Abell, 6 J. J. M., 479; King v. Mims, 7 Dana, 267; Meador v. Turpin, 4 Met., 93; Adams Express Co. v. Bleich, 5 Ky. Law Rep., 122; Church & Nye v. Halley, 7 Ky. Law Rep., 611; Brannin, Brand & Glover v. Louden, 10 Ky. Law Rep., 282; Reitz & Sons v. McPherson, 10 Ky. Law Rep., 283; Graves v. Kesler, 10 Ky. Law Rep., 78; M. & O. R. R. Co. v. Gillis, 8 Ky. Law Rep., 430; Com. v. Allen, 10 Ky. Law Rep., 938; Licking Rolling Mill Co. v. Fischer, 88 Ky., 176; Adams' Exr. v. Bement, 96 Ky., 334; Brasfield v. Burges, 10 Ky. Law Rep., 660; Katz v. Laycock, 15 Ky. Law Rep., 606; Am. & Eng. Ency. of Law, vol. 7, p. 1047; Insurance Co. v. Weides, 14 Wall., 375; Johnson v. Conn. Fire Ins. Co., 84 Ky., 481; Merrill v. Ins. Co., 23 Fed. Rep., 245; Unger v. Ins. Co., 4 Daly, 96; Shaw v. Ins. Co., 1 Fed Rep, 761; German Ins. Co. v. Reed, 13 Ky. Law Rep., 207; Dwelling House Ins. Co. v. Freeman, 12 Ky. Law Rep., 894; Oshkosh Packing Co. v. Ins. Co., 31 Fed. Rep., 200; Phoenix Ins. Co. v. Summerfield, 13 So. Rep., 254; Commercial Bank v. Fireman's Ins. Co., 58 N. W. Rep., 391.

F. W. MORANCY FOR THE APPELLANT IN A PETITION FOR A REHEARING.

Citations: Drake's Admr. v. Semonin, 82 Ky., 291; Daniel v. Holland, 4 J. J. M., 18.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This action was instituted by Ray & Company, tobacco warehousemen and commission merchants, to recover on three policies of insur-

ance, aggregating $4,000, by which appellant insured appellees for the term of one year against loss or damage by fire to "tobacco in hogsheads and packages, and samples of same therein, or that of others, where they may be legally liable, while contained in the composition brick warehouse building, occupied as a sales warehouse, situate at Nos. 803 to 811 West Main street, Louisville, Ky."

Within the time covered by these policies, the warehouse, and the tobacco contained therein were destroyel by fire. At the time of the fire appellees held other policies of insurance than those of appellant, which aggregated $23,500, and property of the value of $13,369.90, covered by these policies, was destroyed by fire; and they asked judgment for $2,275.72, the proportion due on the policies issued by appellant.

Appellees allege that, immediately after the fire, they gave verbal notice to appellant, and that afterwards full opportunity was given it and its agents to investigate the loss; that thereafter, on or about the 9th day of April, 1895, they prepared a proof of loss upon the blank forms furnished by appellant, which by reason of destruction of their books and papers, only approximated the amount of the loss; and that afterwards they discovered that this proof of loss was larger than it should be, and that, by inquiries among buyers and other parties who could give information, this amount was materially reduced, of which notice was given to appellant.

A general demurrer to the petition was overruled, and defendant, by its answer, traversed the affirmative allegations thereof, and denied liability to plaintiffs in any sum whatever. A trial before a jury re-

sulted in a verdict and judgment for the amount sued for.

Appellant assigns a number of reasons why the judg-
ment should be reversed.  It is contended that the court
below erred in overruling its demurrer to the petition, be-
cause it fails to allege that the tobacco destroyed belonged
to appellees, or that they were liable therefor to others.

The averment of the petition on this point is "that about
the 9th day of February, 1895, while the said contract or
policy of insurance was in full force and effect, and was
held and owned by plaintiffs, the property covered by the
said contract of insurance was visited by fire, and a large
amount thereof, viz., property to the extent and value of
$13,369.90, covered by said policy, was destroyed by fire,
without any fault whatever on the part of plaintiffs."

These averments, in substance, charge that the
tobacco which was burned was that covered by
the policies, and the same intended to be so
covered, and, we are disposed to think, show
*prima facie* a good cause of action.  After the demurrer was
overruled the defendant filed its answer, defending, on
the merits of the case, and the averments of the petition
and the denials of the answer clearly set out the issue be-
tween the parties; and, a trial having been had upon the
evidence and a verdict found against it, "the petition does
not now stand upon demurrer, and can be reversed only
for such errors as might be available in a motion for arrest
of judgment, and defendant can rely upon no ground for
reversing the judgment but such as may go to invalidate
the verdict, and thus tend to a new trial of the facts."

At common law, where there was any defect, imperfec-
tion, or omission in any pleading, whether in substance
or form, which would be fatal on demurrer, yet if the is-
sue joined be such as necessarily required on the trial

proof of the facts so defectively stated or omitted, and without which it is not to be presumed that either the judge would direct, or the jury would have given the verdict, such defect, imperfection, or omission is cured by the verdict, by intendment of law after verdict.

And this doctrine is laid down in Chitty's Pleadings, Bliss on Code Pleading, and Newman, Pleading and Practice, and has been followed by this court in a number of cases.

In Bently v. Bustard, 16 B. Mon., 690, [63 Am. Dec., 561], it was held "that, though an answer do not state facts constituting a defense, yet, if it alleged such legal conclusions embracing such facts, the defect may be cured by trial and verdict for the defendant; nor, if the judgment and verdict be against him, should he be precluded from a reversal by erroneous instructions."

In Daniel v. Holland, 4 J. J. Marsh, 18, it was held "that the rule is that a declaration will be good after verdict if it contains allegations from which every fact necessary to maintain the action may be fairly inferred; but a fact will not be presumed which can not be reasonably implied by what is alleged, or which has no natural or usual connection with any fact that is averred."

In Drake's Adm'r v. Semonin, 82 Ky., 291, being an action for the price of goods, the plaintiff failed to allege a sale and delivery of them, and the defendant, instead of demurring, denied the purchase. Held, that the defect in the petition was cured by the verdict. And this doctrine is recognized in section 134 of the Code, which provides that the court must, in every stage of an action disregard any error or defect in the pleadings which does

not affect the substantial rights of the adverse party, and that no judgment shall be reversed or affected by reason of such error or defect. The doctrine is discussed in Bliss on Code Pleading, section 438.

The second ground relied on for reversal is that the lower court erred in permitting appellees to prove by the witnesses Bailey and Shackleton and Graves, that other insurance companies had arbitrated their losses with appellees.

An examination of the testimony of these witnesses shows that they were appraisers selected by the companies and the insured to ascertain the aggregate amount of loss sustained by Ray & Company, and the object of this testimony was to show what quantity of tobacco was found by them to have been on hand at the time of the fire, from an inspection of appellees' books, and whether or not the books showed any evidence of having been changed or altered. The witnesses were permitted to refresh their memory from an examination of these reports, but the court distinctly told the jury that neither the reports and valuations nor the award itself was competent evidence. We think the testimony of these witnesses was competent for the purposes for which it was introduced, and, taken in connection with the admonition of the court, was not prejudicial to appellant.

The next ground relied on for reversal is that the court erred in refusing to instruct the jury to find for appellant as to the sixteen hogsheads of tobacco owned by Story; and coupled with it was the further contention that the permission by appellees to Story to use a part of their warehouse for rehandling tobacco increased the risk, and thereby voided the policy.

[ 34 ]

The testimony shows that this particular tobacco was on hand for sale by appellees, just as any other tobacco received by them as warehousemen, and whether or not Story's occupancy of the building for the purposes in which he was engaged increased the risk was properly a question for the jury.

It is also contended that the original proof of loss furnished by appellees set out the value of the tobacco burned at $18,359, whilst the corrected proof of loss, putting it at $13,369.90, was not sworn to and submitted to the company in due course; and appellant insists that this and other facts contained in the record manifest a fraudulent purpose on the part of appellees to overvalue the property and recover for property not destroyed, and authorized the peremptory instruction.

"As a general rule, false swearing in a proof of loss, to vitiate the policy, must be intentionally false, whether by fraudulent over-valuation of the goods destroyed or a statement of items which really have no existence. An innocent mistake, or a mistaken, though exaggerated, estimate of value, is not sufficient to void the policy. An overvaluation, in order to work a forfeiture must be so plain that it can not be accounted for upon the principle that every man is naturally prone to put a favorable estimate on the value of his property." See Richards, on Insurance, p. 144; Agricultural Insurance Co. v. Yates, 10 Ky. Law Rep., 984; German Insurance Co. v. Read, 13 Ky. L. R., 207, [13 S. W., 1080]; Dwelling House Insurance Co. v. Freeman, 12 Ky. Law Rep., 894; Insurance Co. v. Weides, 14 Wall., 375.

The "rejection," "receiving," and "shipping" books of appellees having been destroyed in the fire,

it is evident that they had, very incomplete data from which to make out an inventory of the tobacco destroyed and its value; but, at all events, questions of fraud, false swearing, and fraudulent misrepresentation of the value of goods insured and destroyed are questions which it is the province of the jury to pass upon, and, in the absence of the instructions given in the case, we are bound to presume that they properly submitted to the jury all these questions of fact.

For the reasons indicated, the judgment is affirmed.