## L., H. & St. L. Ry. Company v. Osborne.

(Decided October 4, 1912.)

Appeal from Breckinridge Circuit Court.

1. Railroads—Action for Personal Injury—Pleading—Negligence.—
Allegations of the petition that a motor car by which appellee was

injured, was operated by appellant's employe, at a dangerous speed and without warning of its approach, did not amount to charges of specific acts of negligence distinct from that included in the additional broader allegation of the petition that it "was operated in a grossly careless and negligent manner." Under the last allegation it was competent for appellee to prove that her injuries were 'caused by the employe's operating the car at a dangerous speed, or without maintaining a lookout, or by his failure to call out and warn her of its approach, or the failure, after discovering her peril, to use ordinary care to stop the car before it struck her. In order to recover on the last ground, appellee was not required to allege that she was not a trespasser upon appellant's track when injured.

2. Railroads—Injury by Motor Car on Track—Duty of Person Operating Car.—As the place of the accident was in an incorporated town, and where the presence of persons on the railroad track was to be expected, it was the duty of appellant's employe to operate the car at a moderate rate of speed, maintain a proper lookout and take such other precautions as circumstances and the exercise of ordinary care might have required for the security of life.

3. Railroads—Operating Motor Car on Track—Instructions.—As instruction No. 1 improperly assumed that appellee was a trespasser and told the jury that they should not find for her, unless they believed from the evidence that appellant's employe in charge of the car discovered her peril in time to have prevented her injuries by the use of ordinary care, it was error as to appellee, but unduly favorable to appellant, for it took from the jury the right to determine whether the employe in approaching the place of the accident failed to take such precautions as the use of ordinary care would have required of him in operating a motor-car in an incorporated town where the presence of persons on the railroad track was to be anticipated.

4. Railroads—Instructions.—Although this instruction in one statement seemed to advise the jury that appellant's employe was required after discovering the peril of appellee to use all means at his command to stop the car in order to avoid injuring her, the statement did not make the instruction fatally defective, as in addition and substantially in connection with this statement, it also told the jury that the care required of him in such a state of case was only ordinary care, and such care was duly defined in another instruction given them.

R. A. MILLER, JAMES R. SKILLMAN and CLAUDE MERCER for appellant.

H. DeH. MOORMAN, BENNETT H. YOUNG for appellee.

Opinion of the Court by Judge Settle—Affirming.

Appellee recovered in the court below a verdict and judgment against appellant for $4,000 damages, resulting from personal injuries caused, as alleged, by the negligence of an employe of the appellant in operating a gasoline or motor car upon its track which he ran against and upon appellee.

Appellant filed a general demurrer and answer to the petition. The demurrer was overruled, to which it excepted. The answer traversed the material allegations of the petition and pleaded contributory negligence, and, by consent, its affirmative matter was controverted of record.

Appellee's injuries were received within the corporate limits of the village of Glendeane, on Sunday afternoon, October 16, 1910, while she was walking on the railroad track upon her way home from a church located near the place of the accident. The motor car by which she was injured weighed about 2,000 pounds. It could be operated only upon a railroad track and, upon the occasion in question, was being used by Samuel Morgan, appellant's station agent at Falls of Rough, who, with other members of his family, had on that afternoon ridden on it to the church mentioned. In returning on the car to his home, following the services at the church, Morgan ran against appellee and thereby caused the injuries of which she complains.

It seems to be admitted by appellant that the use which Morgan made of the car, and indeed his general use of it, had been authorized by it; and we do not understand that its liability to appellee for damages resulting from her injuries, is denied, if they were caused by the negligence of Morgan in operating the car. At the conclusion of appellee's evidence, and again after all the evidence was heard, appellant moved the court for a peremptory instruction directing a verdict in its favor; but in each instance the motion was overruled, to which it excepted. Appellant also objected to the court's instructions to the jury and excepted to the giving of the same, as well as to its refusal to give others offered by it. Appellant was refused a new trial and it prosecutes this appeal from the judgment rendered on the verdict.

Appellant's first complaint is that the trial court erred in overruling its demurrer to the petition. It is, in effect, argued in support of this contention that the

specific negligence charged in the petition consisted in appellant's servant operating a defective car at a dangerous rate of speed and without a gong or bell to give notice of its approach, and that if there was negligence in either of these respects, it did not authorize a recovery, in view of the failure of the petition to allege that appellee was not, at the time of receiving her injuries, a trespasser on appellant's track; and if a trespasser appellant's servant, operating the car, owed her no duty except to use ordinary care to avoid injuring her after her peril was discovered.

The negligence referred to is not the only negligence alleged in the petition. It, in addition, alleges that the car "was operated in a grossly careless and negligent manner." It is true the evidence failed to show the car defective, unless the fact that it was unprovided with a gong or bell made it defective, which we do not hold to be so, but there was evidence which conduced to prove that it was operated at a dangerous rate of speed and without any warning of its approach.

The failure to prove the car defective, did not prevent a recovery, if appellee's injuries resulted from its negligent operation at a dangerous rate of speed, or because of a failure to give notice of its approach. In either event the negligence was such as to come under the broader averment that the car "was operated in a grossly careless and negligent manner." So to charge that the negligence complained of consisted in running the car at a dangerous rate of speed, or without warning of its approach, is not an allegation of specific negligence distinct from that contained in the more general charge that the car "was operated in a grossly careless and negligent manner." We may also add, that even if appellee was a trespasser when her injuries were received, proof that they resulted from the negligence of Morgan in failing to stop the car after discovering her peril would have authorized a recovery, under the allegation of the petition as to the grossly careless and negligent operation of the car.

We know of no rule of law or pleading that required appellee to allege that she was not a trespasser at the time of receiving her injuries. As well might she be required to allege that she was not guilty of contributory negligence. These are matters of defense which

must be alleged and proved by the defendant in order to defeat a recovery.

It appears from other averments of the petition that appellee's injuries were received from the negligent operation of the car within the corporate limits of the town of Glendeane, and that she was within its corporate limits when injured. Therefore, as the place of the accident was in an incorporated town and where the presence of persons on the track was to be expected it was the duty of appellant's servant, in charge of the car, to operate it at a moderate rate of speed, maintain a proper lookout and take such other precautions as circumstances and the exercise of ordinary care might have required for the security of life.

Taking the averments of the petition as a whole we think they state a cause of action. Therefore, the trial court did not err in overruling the demurrer.

In the next place it is insisted for appellant that the court erred in permitting appellee to introduce evidence which conduced to prove that its employe in charge of the car might, by the exercise of ordinary care, have discovered her peril in time to have prevented her injury. We do not consider this evidence incompetent as this ground of recovery was covered by the averment of the petition that the car "was operated in a grossly careless and negligent manner." In other words, in order to have availed herself of this ground of recovery it was not necessary that appellee should have confessed in her petition that she was a trespasser and invoked therein the doctrine of the "last chance."

Appellant next complains that the court erred in refusing a peremptory instruction, as asked by it, both at the conclusion of appellee's evidence and after the evidence was all heard. We do not think that a peremptory instruction should have been given. The evidence showed that the town of Glendeane has a population of about two hundred people; that there are several stores, a passenger depot, two churches in the town and also a number of dwelling houses, all located near, and, the most of them facing upon, appellant's railroad track, which runs through the town its entire length; that the track is habitually used, and has been for years past, by the people of the village and surrounding country, in reaching the stores, depot, postoffice, dwelling houses and churches; and that such general use of appellant's

track and right of way, by the public, continuously for, all these years has been known to, acquiesced in and never interferred with by the appellant. It further appears from the evidence that on the Sunday afternoon of appellee's receiving· her injuries, she, with her husband and daughter, attended religious services at the Glen-deane Baptist Church, of which they were members; that immediately following the dismissal of the congregation they started on their way home, walking, with many others of the congregation, on the railroad track, in doing so; that about the time they left the church appellant's employe, Morgan, accompanied by some of the members of his family, also left it and went to the motor car upon which they placed themselves for the purpose of returning to their home at Falls of Rough, and then started down the track, upon which many members of, the congregation were then walking and talking, in groups of two or more persons. Appellee was walking with Mrs. Ada Farmer when she was struck by the motor car, which came suddenly upon them.

According to the testimony of numerous witnesses, introduced in appellee's behalf, the car was running at a great rate of speed and without any warning whatever of its approach; that appellee and all other members of the congregation thus walking upon the railroad track were in plain view of Morgan from the time he set the car in motion until its collision with her occurred; but that notwithstanding his knowledge of her peril, he neither slowed down the car or called to her to get off the track, and, altogether others attempted to assist appellee from the track, she was unable to leave it in time to avoid the the collision, the force of which was so violent that it cast her from the track and knocked her shoes from her feet.

It will be seen that this evidence tended strongly to, show that Morgan was running the car at a dangerous rate of speed and also that his discovery of appellee's peril was made in time to have enabled him to have stopped the car before it struck her. It is true that witnesses introduced in appellant's behalf contradicted much of that coming from appellee's witnesses, referred to. Morgan, himself, testified that he was not running the car at an excessive or dangerous rate of speed; that when he started it the track was clear of pedestrians and that he did not discover appellee's presence on the

track until the car was within five rails length of her and that he then applied the brakes and reduced the speed of the car, and she thereupon stepped off the track, seeing which he released the brakes and increased the speed of the car; but that appellee again stepped on the track when the car was so near her that it was impossible for him to stop it, although he immediately put the brakes on again and used every means in his power to avoid injuring her. This testimony seems to have been corroborated by other witnesses. It is apparent, therefore, that the evidence as a whole was conflicting. If that of appellee manifests the truth of the matter her injuries were caused by Morgan's negligent operation of the car; upon the other hand if that of appellant's witnesses be true, appellee's injuries were caused by her own negligence. Obviously there was no ground for a non-suit and the case, without doubt, should have gone to the jury.

It is further insisted for appellant that instruction No. 1 did not correctly state the law of the case. The instruction is wholly predicated upon the idea that appellee was a trespasser on appellant's track, for which, reason, the jury were told, in effect, that there could be no recovery, unless they believed from the evidence that Morgan, who was in charge of the car, discovered appellee's presence thereon in time to have prevented injuring her by the use of ordinary care; and while the instruction undertook to define what, under the circumstances, would have constituted ordinary care on Morgan's part, it failed to mention among the enumerated duties required of him in operating the car, within the corporate limits of the town of Glendeane, those of moderating its speed, of maintaining a lookout in approaching the place of the accident for the presence of persons on the track. Such failure, though error as to appellee, was not prejudicial to appellant, who cannot complain that the instruction confined the right of recovery to the single issue of fact therein submitted and advised the jury that appellee was a trespasser, when the question whether she was or not a trespasser, as well as that of whether Morgan maintained a lookout, or ran the dangerous speed, should also have been submitted to them.

In Davis v. L., H. & St. L. Ry. Co., 30 R., 173, in which the plaintiff had been injured by a train in a

suburb of Evansville, at a point where the railroad company's tracks were in daily use as a passway by persons employed in a nearby cotton mill, we said:

"Appellant was not a trespasser at the time and place she received her injury. If she had been the company would have owed her no lookout duty. Nor would it have been required to have given warning of the approach of its engines and would owe no duty except to exercise ordinary care to prevent the injury after she was actually discovered in the place of peril. But as has been frequently held by this court, where the public, with the knowledge and acquiescence of the railroad company, have continually used its tracks for a long period of time, the presence of persons on the track at the point where it is so used must be anticipated by the company in running its trains; and it owes to the persons thus habitually using its right of way the duty of giving warning and keeping a lookout substantially the same as is required at a public crossing; and if a person is injured at such a point by the failure of those in charge of the train to give warning of its approach, and keep a lookout, a recovery may be had unless the contributory negligence of the injured person is such as to defeat it." McCabe v. Maysville & Big Sandy R. Co., 28 R., 538.

A further objection is made to the instruction because it required Morgan, after discovering the peril to appellee, to use all means at his command to stop the car in order to avoid injuring her. If this were the only expression, with reference to the care to be used by Morgan, found in the instruction, it would render it fatally defective; but in addition and substantially in connection therewith, the instruction told the jury that the care required of him in such a state of case was only ordinary care, and such care was duly defined in another instruction given the jury.

We do not understand that the remaining instructions given by the court are objected to, and while one of those offered by appellant might, with propriety, have been given, its refusal and that of others asked by appellant, was not error, as those given presented every ground of defense available to it in the case.

Appellant's final contention, that the verdict is excessive, cannot be sustained. It is manifest that appellee's injuries confined here to her bed for many weeks

after the accident and that they caused her great and constant pain. It was shown by the testimony of the physicians that three of her ribs had been torn loose from the spinal vertebrae and that the kidneys were pushed forward and downward, which caused suppression of her urine at times. In addition two bones of one hand were broken. According to the testimony of the physicians there can be no doubt of the fact that these injuries are permanent in character and that they have permanently impaired appellee's ability to follow her usual avocation, that of housekeeping, and to earn money as well. In our opinion the verdict is not excessive.

Judgment affirmed.