## Cross v. Clinton County.

(Decided January 16, 1920.)

### Appeal from Clinton Circuit Court.

1. Counties—Fiscal Courts—Jailer's Service as Janitor.—The fiscal court is authorized under Kentucky Statutes, section 3948, to employ the jailer as janitor to care for the public property and to vote him a reasonable allowance therefor.

2. Appeal and Error—Instructions.—The verdict of a properly instructed jury supported by sufficient evidence, no error other

than the insufficiency of the evidence being urged, will be affirmed.

S. G. SMITH for appellant.

J. G. SMITH for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellant is the jailer of Clinton county. He submitted to the fiscal court an estimate of the cost of heating and lighting the public property and in keeping same in repair and in a presentable condition for the year 1918. Without acting on this estimate the fiscal court appropriated $800.00 for the purposes aforesaid. At the same time the court voted an allowance of $10.00 per month to appellant as janitor for services in looking after the public property, to keep same in repair and in a clean and comfortable condition.

From so much of the order as allowed him $10.00 per month for janitorial services appellant prayed an appeal to the circuit court. Upon a trial by jury the allowance was fixed at $15.00 per month, and judgment entered accordingly. This is an appeal from that judgment. The only ground for reversal is that the verdict is contrary to the evidence.

Appellant testified his services were worth $50.00 per month. Of two witnesses introduced in his behalf an exjailer fixed the value of the services at $30.00 per month, as did the circuit clerk, but upon cross-examination the latter stated that $30.00 per month was too much for such services. For appellee, the county judge placed the value of said services at not exceeding $15.00 per month. This was all the evidence, sufficient however, to support the verdict.

By an act of 1908 (Ky. Stats., sec. 3948), jailers in counties of less than 75,000 population are made superintendents of the public buildings and property, and vested with the expenditure of the sums appropriated for the care, repair and maintenance thereof. Being the custodian by statute of the public property, it was not improper for the fiscal court to employ the jailer to perform the supervisory duties imposed. Adair Fiscal Court v. Conover, 141 Ky. 743, 133 S. W. 761; Brummal v. Jackson, 145 Ky. 630; 140 S. W. 1016. See also Knott County v. Duke, 157 Ky. 499, 163 S. W. 459; Ky. Stats., sec. 3948. The ap-

propriation for such services does not include other statutory allowances to jailers.

The fiscal court fixed what it deemed reasonable compensation to appellant for the duties to be performed. Upon appeal a jury increased the allowance. The record shows no ground justifying a reversal. The verdict of a properly instructed jury, supported by sufficient evidence, no error other than the insufficiency of the evidence being urged, will be upheld.

Judgment affirmed.