## Globe & Rutgers Fire Insurance Company v. Frankfort Distillery et al.

### (Eight Other Cases.)

(Decided October 23, 1928.)

Appeals from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Appeal and Error—In actions on fire insurance policies, jury's verdict for plaintiff, supported by evidence, is conclusive on single fact question submitted as to existence of oral contract creating

in plaintiff an insurable interest in property destroyed equal to plaintiff's investment therein and insurance thereon.

2. Insurance.—If insured has a pecuniary interest in thing insured equal to or greater than amount of insurance, it is not material to risk that somebody else has some interest in property, or that insured does not own absolute and unconditional title.

3. Insurance.—That president of distilling company, carrying insurance on its interest in 436 barrels of whiskey stored in its warehouse, had interest therein to amount of his investment, held immaterial to risk; insured property being fixed, definite, and susceptible to division, proper subject of insurance, and known to be in such company's custody when policies were issued.

4. Insurance.—Issuance of warehouse receipts for whisky held not to estop warehouseman to assert subsequent interest in property represented thereby as against insurers in action on policies; neither statute regulating warehousemen, nor court decisions, precluding warehouseman from insuring his interest in property stored.

5. Insurance.—Under Ky. Stats., secs. 4768 to 4814c-3, warehouseman is not bound by recitals of receipts issued for property stored in controversy with stranger to contract, such as insurer, who is not a holder or in privity with holder of receipts, nor asserting any adverse claim thereunder.

6. Insurance.—A distillery company is not prohibited from insuring its interest in property, for which its receipts are outstanding, and proof of such interest or collection of insurance does not infringe or impair any right of holder of receipts.

7. Insurance.—Warehouse receipts for insured property are admissible in evidence in warehouseman's actions on policies, as bearing on truth of testimony respecting its interest; but the jury are the judges of the witnesses' credibility.

8. Insurance.—Statement in distillery company's proof of loss that it was sole and unconditional owner of insured whisky, of which its president in his proof of loss stated he was sole owner, as indicated by canceled warehouse receipts, which he surrendered to insurer, held no defense to company's actions on policies as constituting intentional fraud and false swearing, invalidating insurance, where exact facts were presented to insurer, written stipulation expressly reserving plaintiff's right to make claim was attached to proof, greater amount of loss was undisputed, and arrangement was made for payment of such amount without prejudice to either party.

9. Insurance.—A policy of insurance is not vitiated by false statement in proof of loss unless intentionally false, amounting to fraudulent overvaluation of goods destroyed, or containing a statement of items without existence in fact, and innocent mistake or legitimate opinion as to value or title cannot be invoked to destroy the insurance.

10. Insurance.—Insurance company, paying distillery company's president for loss sustained by him on destroyed whisky, in which it contended that he alone had insurable interest by virtue of com-

;,pany's warehouse receipts surrendered by him, with knowledge of facts, and in reliance on right to resist company's claim, held not · entitled to recover such payment on counterclaim in company's actions on policies, on ground that receipts falsely stated that : whisky was held for president's account, at his risk, and subject to his order.

11. Trial.—Where the only issue in the case was fully and fairly submitted to the jury, the court did not err in refusing to give additional instructions requested by appellants.

HITE H. HUFFAKER and WOODWARD, WARFIELD & HOBSON for appellants.

CARROLL & McELWAIN and O'NEAL & O'NEAL for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The Frankfort Distillery, a corporation, owned and operated a concentration bonded warehouse in Franklin county, Kentucky, about four miles from the city of Frankfort. In warehouse B there was stored a large quantity of whisky belonging to it, which was insured against loss by fire in nine different insurance companies in varying amounts. There was also stored in warehouse B 436 barrels of whisky, for which the Frankfort Distillery had issued its warehouse receipts to Thomas W. Hinde, its president. Both Hinde and the Frankfort Distillery carried insurance in the same companies, which, it is claimed, covered their respective interests in the 436 barrels of whisky. Warehouse B and its contents were totally destroyed by fire at a time when the insurance policies were in force. The nine insurance companies paid to the Frankfort Distillery the amount of the loss on the whisky, except that claimed on the 436 barrels. They refused to pay that loss on the ground that the insured was not the sole and unconditional owner of the whisky. They paid Hinde the amount of his loss on the 436 barrels of whisky.

Separate suits were instituted in the Jefferson circuit court by the Frankfort Distillery against the several insurance companies to recover the amount of its loss on the 436 barrels of whisky, amounting to $14,599.54. Judgment was rendered pursuant to the jury's verdict in favor of the plaintiff against the various defendants for the amount claimed against each on their respective contracts, and the nine insurance companies have prosecuted these appeals. The cases were heard together in

the lower court, have been so presented here, and will be disposed of in a single opinion. The facts pertinent to a proper consideration of the various questions urged will appear as the opinion proceeds.

Each of the policies contained a clause to the effect that—

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the interest of the insured be other than unconditional and sole ownership."

It appears from the evidence, and the jury found as a fact, that there was an agreement between Hinde and the Frankfort Distillery, by the terms of which Hinde was to buy and pay for the joint account of himself and the distillery warehouse receipts representing whisky then in storage with the Kentucky Distilleries & Warehouse Company. These receipts, when acquired by Hinde, were forwarded to the main office of the Frankfort Distillery at Louisville, Ky. It was permitted to withdraw from the warehouse any whisky for which it held receipts upon payment of the withdrawal charges thereon. The Frankfort Distillery would then issue its warehouse receipts to Hinde, and upon a sale of the whisky the amount paid by Hinde for the warehouse receipts would be returned to him and the amount paid by the Frankfort Distillery for withdrawal and other charges would be returned to it. The profits remaining after such payments would be equally divided between them. The Frankfort Distillery had advanced on the 436 barrels of whisky involved in these cases a sum amonuting to $14,599.54. Its investment in that whisky was what it sought to protect by the insurance. Hinde likewise had insurance to cover whisky owned by him and stored in the Frankfort Distillery, but his total insurance was not sufficient to cover the amount of his investment in the 436 barrels of whisky and that of the Frankfort Distillery. The facts respecting the matter were disclosed to the insurance companies in the proof of loss. They paid all of the insurance held by the Frankfort Distillery, except that on the 436 barrels of whisky. They paid Hinde only the amount of his investment therein.

The court below submitted to the jury the single issue respecting the oral contract creating in the appel-

lee an insurable interest in the 436 barrels of whisky, and the jury found for it. It must, therefore, be accepted as a fact that the verbal agreement between Hinde and the Frankfort Distillery existed and that the latter had an insurable interest in the property equal to its investment therein and the insurance thereon. This court has held that, if the insured has a pecuniary interest in the thing insured equal to or greater than the amount of the insurance, it cannot be material to the risk that somebody else has some interest in the property, or that the assured does not own the absolute and unconditional title. Hartford Fire Insurance Co. v. McClain, 85 S. W. 69, 27 Ky. Law Rep. 461.

A distinction is sought to be discovered in the circumstance that the subject-matter of the insurance in that case was fixed, defined, and stationary. It is said that both the insurer and the insured had before them a certain and definite thing, which was covered by the contract of insurance, whilst here there was no definite and insurable object in mind. We see no such distinction between the two types of personal property. Here there were 436 barrels of whisky stored in a warehouse. It was fixed, definite, and susceptible of division. It was a proper subject of insurance and was embraced by the written contracts. In the McClain case the property insured was a stock of goods, which was constantly changing as the stock was depleted by sales or replenished by purchases. The interest of the insured in that case was in some respects contingent. It was in the nature of a security. McClain held the excess in the stock above his own liability as trustee for Longmire. Insurance taken in his name was, nevertheless, treated as for the benefit of the parties interested. It was remarked that, while it is important to the insured to know who is interested in the property, in order that it may form a judgment as to the proper care which may be given its custody and preservation, yet that requirement was fully satisfied by the facts in that case. Here the insurance company knew that the Frankfort Distillery had the custody of the whisky and that no risk was involved that it was unwilling to insure. A comparison of the facts in the two cases leads us to the conclusion that there is no distinction requiring us to reach a different decision. Cf. London Assurance Corp. v. Bailey, 222 Ky. 757, 2 S. W. (2d) 399.

It is urged that the issuance of warehouse receipts passed absolute title to the holder, and estopped the warehouseman from asserting any subsequent interest in the property represented by the receipts. This is not a controversy between the distillery and a holder of the warehouse receipts. In a contest between the warehouseman and the insurer, the former may show an insurable interest in the property represented by the receipts. Neither the statute regulating warehousemen nor the decisions of the courts of last resort preclude the warehouseman from insuring his interest in the property. Home Ins. Co. v. Baltimore Warehouse Co., 93 U. S. 527, 23 L. Ed. 868; Ætna Ins. Co. v. Jackson, 16 B. Mon. 242.

Nor is the warehouseman bound by the recitals of the receipts in a controversy with a stranger to the contract who is not a holder, or in privity with a holder, of the documents, or asserting any adverse claim under them. Chapter 133, Ky. Stats. Doyle v. Offutt, 135 Ky. 296, 122 S. W. 156; Newcomb v. Cabell, 10 Bush, 460; Cochran v. Ripy, 13 Bush, 495.

A distillery company is not prohibited from insuring its interest in property for which its receipts are outstanding, and proof of such interest, or the collection of insurance does not infringe or impair any right of the holder of the warehouse receipts. Such receipts are admissible in evidence, of course, as bearing on the truth of the testimony respecting the asserted interest of the warehouseman, but the jury are the judges of the credibility of the witnesses. In this case the verdict of the jury is supported by the evidence, and is conclusive on the question of fact.

In making proof of loss Hinde verified his claim to the amount of his investment in the 436 barrels of whisky and surrendered to the insurance company the canceled warehouse receipts which indicated prima facie that he was the owner of the entire 436 barrels of whisky. He stated in this sworn proof of loss that he was the sole and unconditional owner of the property. The same statements were repeated in a proof of loss for the appellee. This proof of loss is relied upon as a defense on the ground that it constituted fraud and false swearing intentionally committed, which, by the terms of the contracts, invalidated the insurance. The insurance company was not misled, as the exact facts were presented to it, and there was attached to the proof of loss a writ-

ten stipulation expressly reserving the right of the appellee to make the present claim. There was no deception, concealment, or fraud. The greater amount of the loss was undisputed, and an arrangement was made, in order that the amount admittedly due might be paid without prejudice to either party.

The rule is that a policy of insurance is not vitiated by a false statement in a proof of loss, unless it was intentionally false, amounted to a fraudulent overvaluation of goods destroyed, or contained a statement of items without existence in fact. It was never intended by the policy, and, so far as we can find, has never been held by the courts, that an innocent mistake or legitimate opinion of value or title could be invoked by the company to destroy the insurance. Western Assurance Co. v. Ray, 105 Ky. 523, 49 S. W. 326, 20 Ky. Law Rep. 1360; Connecticut Fire Ins. Co. v. Union Mercantile Co., 161 Ky. 718, 171 S. W. 407; Springfield Fire & Marine Ins. Co. v. Shapoff, 179 Ky. 804, 201 S. W. 1116; Niagara Fire Ins. Co. v. Mullins, 218 Ky. 473, 291 S. W. 760; Hanover Ins. Co. v. Coffman, 218 Ky. 568, 291 S. W. 725.

It is finally insisted that the Palatine Insurance Co., one of the appellants, was prejudiced by the ruling of the trial court in respect to its counterclaim. The counterclaim was based on a payment of $11,811.92 to Thomas W. Hinde for loss sustained by him on the 436 barrels of whisky. It was alleged that it made the payment to Hinde on the faith of the warehouse receipts held by him. and that, as the warehouse receipts contained a false statement to the effect that the whisky was held for Hinde's account, risk, and subject to his order, deliverable upon return of the receipts properly indorsed by him, it had been damaged to the amount of the payment. The warehouse receipts were not fraudulently issued, and the insurance paid to Hinde was not fraudulently collected. Hinde surrendered the canceled warehouse receipts, and the insurance company, with knowledge of the facts, was content to make a settlement with him, relying upon its right to resist the claim of the Frankfort Distillery. Indeed, Hinde himself reserved the right to claim an additional amount on his insurance contracts, if the distillery was not permitted to collect its insurance on the 436 barrels of whisky. The liability of the insurance company did not arise from the warehouse receipts, but from the contracts of insurance. It paid Hinde on its contract,

and it is not contended that Hinde did not have an insurable interest in the whisky. On the contrary, it is contended that he alone had the entire insurable interest by virtue of the warehouse receipts. The insurance company acted with the facts before it, and it had no cause of action against the appellee on account of payments made to Hinde. The lower court rightly disposed of the counterclaim.

Complaint is made that further instructions should have been given to the jury, as requested by appellants; but the only issue in the case was fairly and fully submitted to the jury, and additional instructions were not appropriate. We find no errors to warrant us in disturbing the action of the trial court.

The judgments are affirmed in all of the nine cases.