## R. B. Tyler Company v. Curd.

(Decided June 16, 1931.)

CHARLES W. MORRIS and OSCAR LEIBSON for appellant.

B. J. BETHURUM and JAMES DENTON and WILL D. JESSE for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

George B. Curd recovered a judgment for $2,500 against the R. B. Tyler Company for injuries to his person and property sustained in a collision of his automobile with the company's truck. The company appeals, insisting that the trial court committed error in giving and refusing instructions to the jury. The accident happened in the night on the highway between Frankfort and Versailles. The Tyler truck was disabled and parked on the road, and the Curd car ran into it from the rear. Curd claimed the truck was parked on the paved portion of the road, without lights, and that he ran into it without notice or knowledge of its presence. The defense was that the truck had become disabled, making it necessary to park on the side of the road, that a red lantern was displayed on the rear, and that Curd ran into it recklessly. The facts which the testimony tended to prove will be stated during the discussion of the various points urged for reversal of the judgment.

The defendant requested the court to instruct the jury in its favor, and the denial of that request furnishes the basis of the first complaint urged upon this appeal.

It is argued that one who operates an automobile at a speed in excess of 20 miles per hour where his view of the highway is obstructed, is guilty of negligence as a matter of law, unless he proves that the excessive speed was not the proximate cause of the accident. The statute provides that no operator of a vehicle upon a public highway shall drive at a greater speed than is reasonable and proper, having regard for the traffic and the use of the highway (section 2739g-51). It further provides the various rates of speed that shall be deemed prima facie evidence of unreasonable and improper driving, according to the circumstances and conditions attending the particular time and place involved. We put aside the rules prevailing in cities and towns, since the accident in the case under review occurred in the country.

When the driver of a motor vehicle is upon a "straightaway, unobstructed highway", a speed in excess of 40 miles per hour is deemed prima facie evidence of

unreasonable and improper driving. And, where a highway is "around any sharp curve, or on a steep grade in or outside a city or town", a rate of speed in excess of 15 miles per hour is to be regarded as prima facie evidence of unreasonable and improper driving. The evidence in the case tended to show that Curd was driving his car at a speed of approximately 35 miles per hour, and it is contended that he was guilty of contributory negligence because his view of the road was not unobstructed. The road at the point of collision was straight, and the grade was not a steep one. But it is argued that the road was rolling, and in passing over the crest of a hill Curd was blinded by the lights of a car he was meeting and passing which made it necessary for him to stop his car, and, failing in that, he proceeded at his peril. It is true that Curd testified that he was making about 35 miles per hour, but, when he crossed the crest of the hill and met another car, he slowed down and subsequently ran into the truck. The testimony tended to show that he passed the other car 100 or more feet away from the parked truck. In view of the facts developed, the trial court did not err in denying the motion for a directed verdict. In City of Providence v. Young, 227 Ky. 690, 13 S. W. (2d) 1022, it was held that the driver of a motorcar is not, as a matter of law, bound to bring his car to a stop the instant his view ahead is obscured or obstructed by a changing condition, or moving object, if he is not aware of a danger lurking in his path. In such cases, the question of contributory neglect is for the determination of the jury.

The next complaint is that the court committed error against the defendant when it changed in a certain important particular an instruction offered by it. The instruction as offered advised the jury that it was the duty of the plaintiff to operate his car at a reasonable rate of speed not exceeding twenty miles per hour." The court changed the instruction by substituting the word "forty" for "twenty", and, as altered, submitted it to the jury. The action of the trial court was proper, since there was no basis for the application of any part of the section 2739g-51 of the Statutes, unless it was subsection 3, which fixes more than 40 miles as the rate of speed which shall be deemed prima facie evidence of unreasonable and improper driving. The instruction was as favorable to the defendant as it could ask under the circumstances.

256

The case of Moore v. Hart, 171 Ky. 725, 188 S. W. 861, was based upon the statute then in force, which was materially different from the present statute upon the subject of speed. That case was decided October 26, 1916, and the statute in its present form was adopted in 1920 and amended in 1926. Acts 1920, c. 90, p. 415, sec. 10; Acts 1926, c. 113, p. 380, sec. 4. Cf. Searcy v. Golden, 172 Ky. 42, 188 S. W. 1098.

Appellant also complains of a refusal of the trial court to give an instruction offered by it to the effect that, if the defendant's truck had displayed a red light, visible from the rear under ordinary atmospheric conditions 200 feet away, the verdict should be for the defendaut.

The court gave an instruction by which the jury was told in substance that it was defendant's duty to display on the rear of the truck a red light visible from the rear 200 feet away under ordinary atmospheric conditions, and liability in that respect was conditioned upon a violation of that duty. It is not error to refuse instructions upon points fully covered by those already given, and such was the fact in this particular instance. Simpson v. Simpson, 145 Ky. 45, 139 S. W. 1100; Chesapeake & O. R. Co. v. Kornhoff, 167 Ky. 353, 180 S. W. 523; Norfolk & W. Ry. Co. v. Thompson, 161 Ky. 814, 171 S. W. 451; Louisville, H. & St. L. Ry. Co. v. Osborne, 149 Ky. 648, 149 S. W. 954; Ashland Auto Sales Co. v. Stock, 217 Ky. 594, 290 S. W. 487; Globe & Rutgers Fire Ins. Co. v. Frankfort Distillery Co., 226 Ky. 706, 11 S. W. (2d) 968; City of Providence v. Young, 227 Ky. 690, 13 S. W. (2d) 1022,; Louisville & N. R. Co. v. Rowland's Adm'r, 227 Ky. 841, 14 S. W. (2d) 174.

Appellant offered an instruction to the effect that, even though it be found from the evidence that the driver of the defendant's truck failed to have on the rear of his truck the red light described in the other instructions, and even though it be found from the evidence that defendant's driver unnecessarily parked his truck on the main traveled portion of the highway, nevertheless, if the plaintiff saw, or by the exercise of ordinary care could have seen, the defendant's truck in time to have stopped his automobile or changed its course so as to have avoided striking the parked truck if he had been traveling at a reasonable rate of speed, then the law was for the defendant.

The court declined to give the offered instruction, but did give one which read:

"It was the duty of the plaintiff at the time and place referred to in the evidence, to exercise ordinary care for his own safety; to operate his automobile in a careful manner and at a reasonable rate of speed not exceeding 40 miles per hour; and the Court instructs you that a speed in excess of 40 miles per hour is prima facie evidence of unreasonable and improper driving; to keep a lookout ahead for persons or vehicles in the path of his automobile or so near thereto as to be in danger of being struck by it; to exercise ordinary care generally so to run and operate his automobile as not to bring it into collision with other vehicles on the highway; and to have at the front of his car lighted headlights capable of revealing substantial objects at least 200 feet in front of him, under ordinary atmospheric conditions. If you believe from the evidence that the plaintiff failed in any one or more of these duties, and such failure, if any, so helped to bring about the collision that otherwise would not have occurred, then the law in this case is for the defendant, R. B. Tyler Company, and you will so find, even though you may believe from the evidence that the defendant's driver failed in one or more of the duties outlined in the preceding instructions."

The contention is disposed of by the principle of the authorities already cited. The instruction given completely covered the subject embraced by the one offered, and it was wholly unnecessary to repeat, in another form, the standard by which the jury was to be guided.

It is apparent upon the whole record that the trial court properly instructed the jury, and in such case the verdict is conclusive upon the courts. Cross v. Clinton County, 186 Ky. 505, 217 S. W. 362; Pacific Mutual Life Ins. Co. v. Cash, 224 Ky. 292, 6 S. W. (2d) 239; Addington v. Chatham, 228 Ky. 430, 15 S. W. (2d) 254; Powell v. Galloway, 229 Ky. 37, 16 S. W. (2d) 489; Howind v. Scheben, 233 Ky. 139, 25 S. W. (2d) 57.

The judgment is affirmed.