# Burkhart v. Barger.

Oct. 17, 1939.

Roy G. Garrison and C. C. Grassham for appellant.

L. B. Alexander for appellee.

Opinion of the Court by Creal, Commissioner—Affirming.

In January 1933, E. S. Barger and Roy Burkhart entered into a written contract to furnish growers Sericea lespedeza seed to be planted by the growers and for which Barger and Burkhart were to receive a one-half interest in all seed grown. It was recited in substance in the contract that the seed was grown by Roy Burkhart which he was to furnish at the rate of $4 per pound; that Barger had paid him $1,500 for 375 pounds and further agreed to pay $4 per pound for such additional amount as they might place with growers, not to exceed 375 pounds; that if a greater amount than 750 pounds of seed was placed with growers Barger and Burkhart were to share equally the costs of such additional seed. Burkhart was to give his entire time to securing contracts with growers and to supervise the planting, growing and harvesting of the crops of growers to whom seed had been furnished under the contract and the contracting parties were to share equally in all seeds grown under the contract.

Barger instituted this action against Burkhart and

after setting out the foregoing facts alleged in his petition that Burkhart had .breached and violated the terms of the ·contract in that he did ,not, expend the sum of $1,500 or any part thereof for lespedeza and did not procure any contracts from growers and did not give his time and attention to securing·contracts or supervising the planting, growing or harvesting of such crops but appropriated the sum of $1,500 to his individual use and benefit. He prayed judgment for such sum with interest from January 10, 1933.

Burkhart's answer consisted of a traverse and in a second paragraph he pleaded in substance that he paid the $1,500 received from Barger for 375 pounds of seed as provided in the contract and delivered them to Barger who received, held and kept same as his own; that he, Burkhart, did not receive or keep as his own any part of the $1,500 but used 'same in paying for seed; that immediately after entering into the contract he set about to procure contracts from farmers to prepare ground and plant seed and had several prospects but a rainy season set in and continued for such extent and length of time that ground was too wet either for preparation or germination of the seed during the seasonable period required therefor and by mutual 'agreement he and Barger terminated their contract as it could not and would not be profitable to either of them; that the final termination was in June 1933; that he incurred expense, lost the entire time, and a position which was paying him a considerable sum by reason of the giving of his entire time to the proposition and thereby lost several hundred dollars; that Barger received and kept the seed and having made no effort to dispose of them was estopped to make any claim against him therefor. A traverse of the affirmative allegations of the answer completed the issues.

The action was heard by the court without the intervention of a jury and judgment entered for Barger in the sum of $750 with interest. Burkhart is appealing and the motion of appellee Barger for a cross appeal has been sustained, however, appellant entered objection to the cross appeal being granted and is still insisting that his objection should prevail.

While the trial judge indicated in his opinion that the contract between the parties was in the nature of a partnership agreement and was in fact a partnership between them and that equities should be adjudged be-

tween them as such, yet this was brought as an action at law and was treated and practiced by counsel for respective parties as such. Pursuant to motion, there was a separate finding of facts and of law and appellant entered motion and grounds for new trial which were overruled but appellee filed no motion and grounds for new trial.

Coming first to the question raised concerning the cross appeal, we find the unvarying rule in this jurisdiction to be that when in an ordinary action appellee did not move for a new trial in the lower court, he cannot complain in the appellate court of the judgment and a cross appeal by him cannot be considered. Snyder v. Howard's Adm'x, 251 Ky. 592, 65 S. W. (2d) 477; Southeastern Gas Company v. Ferguson, 269 Ky. 162, 106 S. W. (2d) 144; Louisville & Nashville Railroad Company v. Whitehead's Adm'r, 73 S. W. 1128, 24 Ky. Law Rep. 2315, and cases cited in those opinions.

While a number of errors are assigned by appellant in his motion and grounds for new trial, the only ground argued and relied on for reversal is in effect that the judgment is contrary to law and is not sufficiently supported by the evidence. The evidence shows that appellant and his brother own a farm on which they had grown the seed that appellant proposed to furnish under the contract. A quantity of such seed, largely in excess of the amount specified in the contract, had been delivered by the Burkhart brothers to the Yopp Seed Company to be scarafied and stored. There is evidence that the name of appellee was written upon tags on some of the bags. The evidence also shows that appellant's brother sold some of the seed stored at the Yopp Seed Company but neither appellant, his brother nor any of the witnesses, including employees of the company, knew what became of the seed said to have been tagged with the name of appellee. However, the evidence shows conclusively that appellee did not receive the seed or any profits or proceeds from them and there is ample evidence to sustain the finding that the seed was not actually or constructively delivered to appellee. It is not denied that $1,500 was paid appellant by appellee and there is evidence that same was appropriated to the use and benefit of appellant and his brother. From the foregoing it is quite obvious that the evidence was sufficient to sustain the finding for appellee. Whether he was entitled to recover more is a question which we

are not called upon to determine, since for reasons above indicated, the cross appeal cannot be considered.

Where a common law action is submitted to the court without the intervention of a jury the court's finding of facts will be given the same effect as the verdict of a properly instructed jury (Proctor v. Ray, 194 Ky. 746, 240 S. W. 1063; Kohler v. Bernheim, 205 Ky. 294, 265 S. W. 777) and the verdict of a properly instructed jury substantially supported by evidence will not be disturbed on appeal. Cross v. Clinton County, 186 Ky. 505, 217 S. W. 362; Breslin v. Blair, 249 Ky. 178, 60 S. W. (2d) 337; R. B. Tyler Company v. Curd, 240 Ky. 253, 42 S. W. (2d) 298.

Judgment affirmed.