## RICHARDSON v. BAKER.

Court of Appeals of Kentucky.

Oct. 10, 1952.

McCann & Atchison, Lexington, Bradley & Bradley, Georgetown, for appellant.

J. 'C. McKnight, Virgil Pryor, Georgetown, for appellee.

MILLIKEN, Justice.

The appellee, John Baker, plaintiff below, obtained a judgment against the appellant, William B. Richardson, for $5,915.50 for injuries and expenses incurred because of an automobile accident which occurred on U. S. Highway 25 about 8 miles north of Georgetown, Kentucky, about 7:30 p. m., Thanksgiving evening, November 24, 1949. Richardson has appealed from the judgment upon the theory that the case should not have been submitted to the jury because Baker was guilty of contributory negligence as a matter of law, and that the $5,000 allowed for Baker's personal injuries was excessive.

Richardson's automobile was ahead of Baker's traveling toward Georgetown when the Baker automobile rammed Richardson's in the rear and ignited its gasoline tank which resulted in the total destruction of the Richardson car. There was a slight rise in the road one hundred to one hundred and fifty feet north of the point of impact, but the highway was otherwise level and straight. Baker stated that he was driving at a maximum rate of about 35 miles an hour when he reached the crest of the slight rise in the road, faced the headlights of a northbound vehicle, dimmed his own lights until the northbound vehicle passed, flicked his bright lights on again and saw for the first time Richardson's automobile parked without lights in the southbound lane fifteen or twenty feet directly ahead of him. Baker applied his brakes, but skidded directly into Richardson's car where he came to a stop a foot or so from the point of impact. Baker's testimony concerning the passing of the northbound car just before the col-

lision was corroborated by one of Richardson's passengers.

Richardson denied that his car was stopped on the highway and denied that its rear lights were not illuminated at the time Baker's automobile ran into it from the rear. He testified that he was traveling very slowly at the time because he was hunting a place to stop, for he had noticed a car in the ditch along his right side of the highway. It is Richardson's contention that the accident was caused by Baker's failure to keep a proper lookout ahead, and that the physical facts of the case indicate clearly that the cause of the accident was Baker's inattention.

There is an obvious conflict in the testimony which required submission of the case to the jury for its determination. As stated in R. B. Tyler Co. v. Curd, 240 Ky. 253, 42 S.W.2d 298:

"The evidence in the case tended to show that Curd was driving his car at a speed of approximately 35 miles per hour, and it is contended that he was guilty of contributory negligence because his view of the road was not unobstructed. The road at the point of collision was straight, and the grade was not a steep one. But it is argued that the road was rolling, and in passing over the crest of a hill Curd was blinded by the lights of a car he was meeting and passing which made it necessary for him to stop his car, and, failing in that, he proceeded at his peril. It is true that Curd testified that he was making about 35 miles per hour, but, when he crossed the crest of the hill and met another car, he slowed down and subsequently ran into the truck. The testimony tended to show that he passed the other car 100 or more feet away from the parked truck. In view of the facts developed, the trial court did not err in denying the motion for a directed verdict. In City of Providence v. Young, 227 Ky. 590, 13 S.W.2d 1022, it was held that the driver of a motorcar is not, as a matter of law, bound to bring his car to a stop the instant his view ahead is obscured or obstructed by a changing condition, or moving object, if he is not aware of a danger lurking in his path. In such cases, the question of contributory neglect is for the determination of the jury."

See, also, Roederer's Adm'x v. Gray, 253 Ky. 669, 69 S.W.2d 998; Swift & Co. v. Thompson's Adm'r, 308 Ky. 529, 214 S.W.2d 758.

In Alford v. Beaird, 301 Ky. 512, 192 S.W.2d 180, relied upon for reversal by the appellant, there was no conflict of testimony involved. In this cited case, Alford, driver of a truck for the appellant, Hughes Transportation, Inc., had parked his truck forty feet off the highway and was asleep when one Vaught, driver of the truck of the appellees, Beaird, et al., lost control of his truck after hitting a horse in the highway, and collided with Alford's truck parked forty feet off the highway. The uncontradicted evidence disclosed that Vaught's view ahead was unobstructed, that the highway was straight, yet Vaught did not see the horse in the highway directly in front of him until his truck was almost upon it. The court concluded that the evidence disclosed clearly that Vaught had not kept a lookout ahead and that his failure to do so was the cause of the appellant's injury. As a consequence, the court concluded that Vaught was negligent as a matter of law, and that the trial judge should have given a peremptory instruction to the jury to that effect. In Freeman v. W. T. Sistrunk & Co., 312 Ky. 438, 227 S.W.2d 979, the appellant admittedly saw the truck ahead of her and assumed it was moving when, in fact, it was not, and slowed down too late to avoid the accident. The court held that her own negligence was the cause of her injury since there was no showing of negligence upon the part of the truck driver who had stopped his truck at a place and for a purpose permitted by KRS 189.450(4)(e). But in the case at bar, Baker testified he did not see Richardson's car in time to avoid the accident because its lights were not on. Richardson's denial that his lights were not on made an issue for the jury to decide.

860

It was shown that Baker suffered a comminuted fracture of the knee, that he was hospitalized for about three weeks and had his leg in a plaster cast for several months, that some of his kneecap was removed, and that he was permanently crippled. In 1918 a jury awarded $2,000 damages for a fractured kneecap and a severed tendon in the other leg, and this court did not consider it excessive. Stewart Dry Goods Co. v. Boone, 180 Ky. 199, 202 S.W. 489. We do not believe that the $5,000 damages awarded in the case at bar was excessive for such an injury in this day and age.

The judgment is affirmed.