## Posey v. Cocke.

(Decided March 10, 1936).

178

WHEELER & SHELBOURNE for appellant.

J. D. MOCQUOT for appellee.

Opinion of the Court by Judge Ratliff—Affirming.

Bernard Posey brought suit against T. W. Hinton to recover on a note for $500, and procured a general order of attachment, and McCracken county was summoned as garnishee. It was claimed that the county was indebted to Hinton for services rendered it by him as an accountant under a contract with the fiscal court to audit the books of McCracken county for the years 1926, 1927, 1928, and 1929.

E. H. Cocke filed his intervening petition by which he made McCracken county a party, and alleged that he and Hinton were partners in the services rendered the county as accountants, and under a contract between himself and Hinton they were to share in the contract price, which was $3,000, one-half each, and that Hinton had already been paid by the county more than his share of the funds, and that the $500 attached in the hands of the county belonged to him. Posey answered the intervening petition, and denied the existence of the alleged partnership between Hinton and Cocke, and denied that Cocke was entitled to the balance due on the contract. For further defense he pleaded that in November, 1930, he recovered a judgment against Cocke for $1,700, which he was unable to collect by execution, and which he thereafter settled for the sum of $500 because of the insolvency of Cocke and his threats to take the bankrupt law unless he settled the judg-

ment for that sum, and that Cocke was indebted to him for the balance of said judgment. He also alleged that some years prior to the institution of this action he had recovered judgment against Hinton for $3,698, and Hinton was then indebted to him in that sum.

Hinton filed his answer to Posey's petition admitting the execution of the note, but alleged that there was a suit pending between himself and Cocke for the settlement of their partnership account, and asked that the two actions be consolidated and heard together and adjusted in the settlement of their partnership. The court sustained a demurrer to the answer and rendered judgment against Hinton in favor of Posey on the note, but provided that no execution should issue until after the final determination of the suit between the parties involving their partnership accounts. It appears that Hinton then abandoned his defense, and the case was practiced and determined on the issue between Posey and the intervening petitioner, Cocke.

After the issues were made and the evidence taken, the court rendered an opinion in which he made separate findings of facts and conclusions of law. As to the facts, the court found that McCracken county entered into a contract with Hinton to audit the books of the county, and that all the money due under the contract, except the sum of $500 attached in this action, had been paid, that Cocke was claiming the $500 by reason of his partnership with Hinton, and Posey was claiming it under his attachment. The court further found that Hinton and the intervening petitioner, Cocke, had entered into an agreement by which they were to share equally in the amount to be paid by McCracken county, before the attachment was levied in the action between Posey and Hinton, and that Hinton had received more than his share of the contract price.

The court further found as the law of the case that the intervening petitioner, Cocke, was entitled to the $500, the remainder due under the contract, and was entitled to an order of the court directing the said sum of $500 to be paid into court by the county, and the same be paid to Cocke, and that he recover of Posey his costs incurred by reason of resisting the intervening petition.

Judgment was entered in conformity to the opinion, to which Posey excepted and was granted an appeal to this court.

A reversal of the judgment is urged upon two grounds: (1) That, eliminating the improper and incompetent evidence from the record, there was not left enough competent evidence to prove that a partnership existed between Cocke and Hinton; and (2) if such partnership were established, as a matter of law, Cocke was not entitled to the funds in controversy under a secret partnership agreement, as against a third party, and that Cocke and Hinton were both indebted to Posey in amounts in excess of the amount involved in this suit, and therefore the equity of Posey was superior to that of Cocke.

The judgments of Posey against Cocke and Hinton, respectively, which were rendered some time prior to the beginning of this action, were proven by the court records and in fact not denied. However, in regard to the settlement of the $1,700 judgment against Cocke which Posey claimed he settled with him for the sum of $500, it is shown by the records of the circuit court of McCracken county that this judgment was assigned by Posey to J. D. Mocquot, and, according to the undisputed evidence of Mr. Mocquot, he settled the judgment with Posey for the sum of $500. The assignment shows that it was assigned to Mr. Mocquot for "value received," but does not disclose the sum paid. Conceding, without deciding, that, if Posey had settled this judgment directly with Cocke for a less sum than the face of it, and under the conditions he says he did settle it, a different question might have been presented. But, according to the record, he assigned his entire interest in and title to the judgment to Mr. Mocquot for value, and it is immaterial to him that Mr. Mocquot may have settled the judgment with Posey for a sum less than its face value.

The next insistence is that the evidence does not show that a partnership existed between Cocke and Hinton.

It was shown by the records of the fiscal court that on March 17, 1931, it was ordered that E. H. Cocke be employed to audit the county books for the years 1926, 1927, 1928, and 1929; but the order was rescinded by a

later order of the fiscal court entered on May 13, 1931, and Thomas W. Hinton was appointed to make the audit according to the agreement entered into between Cocke and McCracken county.

Cocke testified that, after Hinton was appointed to make the audit, he and Hinton entered into an agreement whereby they were to do the work jointly and to share equally in the contract price. It was shown that Hinton had drawn $1,550 of the contract price and Cocke had drawn $950, and that there was only a balance of $500 of the contract price remaining, which was attached in the hands of the county. Cocke further testified that he had certain writings evidencing the contract between himself and Hinton, which he turned over to his counsel, Mr. Mocquot, and that these writings had already been filed in the suit. However, it appears that they failed to find these writings in the suit or elsewhere, and at a later date further evidence was taken in an effort to establish the contents or substance of the writings. Cocke testified that he wrote to Mr. Hinton and asked him if he was in a position to come to Paducah and assist on the audit, and Hinton said he was, and he then made Hinton an offer and Hinton replied with a counter offer and said he would help do the work for $25 a day and expenses, or the total should not be over 50 per cent. of the contract price of the audit, and he replied by telegram accepting Hinton's offer. Mr. Mocquot testified that Cocke delivered to him a letter he received from Hinton and a copy of the telegram he had sent Hinton accepting his proposition, and he took them to the courthouse and put them in the jacket of the pending case, and at that time the jacket or files were on the judge's desk, and, after he placed the writings in the jacket, he handed it to the judge, and the judge took them and said that the case was under submission.

It is insisted that the evidence of Cocke was incompetent, in that it consisted of mere conclusion of the witness as to his interpretations of the writings upon which he based his contract and that he should have produced the writings. His evidence was objected to, and the court said: "I don't know that it has been shown yet that they are lost, but assuming you will connect it with other proof I will overrule the objection at

this time." It was proven later to the satisfaction of the court that Cocke did have such writings evidencing his contract with Hinton, and same had been lost or misplaced, and the substance of the writings had been proven.

It is the established rule that in actions at law tried before the court without the intervention of a jury the court is the judge of the competency of the evidence as well as the weight to be given it, and the court's finding of fact will be given the same consideration by this court as the verdict of a properly instructed jury; and it is immaterial that the record may disclose some incompetent evidence if there is enough competent evidence to support the finding of the court. In such cases it will be presumed that the court based its finding upon the competent evidence only, and such finding will not be reversed by this court unless it appears that it is flagrantly against the evidence, such as would be insufficient to support the verdict of a jury. This rule must not be confused with the rule applicable to purely equitable actions. In such actions this court will judge the evidence for itself, and, if it appears that the judgment of the chancellor is contrary to the weight and preponderance of the evidence, such judgment will be reversed by this court.

In the present case, if it should be conceded that there is some incompetent evidence, yet we think there is enough competent evidence to support the finding of the court.

The further insistence is that the partnership or contract between Cocke and Hinton, which was unknown to Posey, should not prevail as against Posey, a third party, in his action against Hinton upon the note. In the circumstances, it is immaterial whether Posey knew of the partnership contract between Cocke and Hinton, for, after Hinton had been paid his share of the contract price, the remainder of the funds properly belonged to Cocke and would have been so adjudged in an action as between Cocke and Hinton. It follows then that Posey could not have acquired any greater right to the funds by reason of his attachment than Hinton had.

Finding no prejudicial error, the judgment is affirmed.