## Mafizola v. Hardy-Burlingham Mining Co.

October 24, 1947.

Rehearing denied February 17, 1948.

S. M. Ward, Judge.

Roy Helm and Tolbert Combs for appellant.

Craft & Stanfill for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

In this opinion the appellant, Tony Mafizola, will be referred to as plaintiff and the appellee, Hardy-Burlingham Mining Company, as defendant, which were their respective roles in the trial court.

Mr. Mafizola sued the Company under the Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U. S. C. A. sec. 201 et seq., (hereinafter referred to as the Act), to recover overtime wages in the sum of $1,110 and a like amount as liquidated damages, and $531 unpaid wages for straight time and a reasonable attorney's fee.

The answer as amended is a traverse followed by a plea that the jurisdiction is vested in the federal court

494

and the state court is without authority to try the cause. Defendant further pleaded a contract with plaintiff in avoidance of its liability under the statute; that plaintiff's conduct in accepting wages paid him without complaint for 20 months estopped him from bringing this suit; that under sec. 13(a) of the Act plaintiff was an executive employee and did not come within its terms. A reply completed the issues.

A jury was waived and the proof was heard by the judge who made a separate finding of fact and of law. He found as a fact that plaintiff was an executive employee of defendant as defined and delimited by the Administrator of the Act. He found as a matter of law that plaintiff was exempt from the provisions of the Act. In conformity with such findings, the petition was dismissed and plaintiff appeals.

There is no merit in defendant's plea that the state court has no jurisdiction in disputes arising under the statute and that such jurisdiction is vested solely in the federal court. It was decided in Harrison v. Herzig Building & Supply Co., 290 Ky. 445, 161 S. W. 2d 908, that an action for a civil recovery under the Act could be brought in the state court. As we think the trial court correctly held that plaintiff was an executive employee and did not come under the terms of the Act, it will be unnecessary to consider or discuss the other defenses raised.

It is provided in sec. 13(a) of the Act that secs. 6 and 7 thereof shall not apply to "any employee employed in a bona fide executive * * * capacity * * * (as such terms are defined and delimited by regulations of the Administrator)." Regulation 541 approved by the Administrator, which was in effect during the period for which plaintiff sued, defines and delimits the term "executive employee" referred to in sec. 13(a) to mean such employee:

"(a) Whose primary duty is management of the establishment or a customarily recognized department thereof, and

"(b) One who customarily and regularly directs the work of other employees in the establishment or a recognized department, and

"(c) One who has the authority to hire or fire other employees, or whose suggestions or recommendations as to the hiring and firing and as to advancement and promotion or any other change of status of other employees will be given particular weight, and

"(d) One who customarily and regularly exercises discretionary powers, and

"(e) Who does no substantial amount of work of the same nature as that performed by nonexempt employees, and

"(f) One whose compensation for his services is not less than $30.00 (exclusive of board, lodging or other facilities) for a work week."

There seems to be no controversy between the parties that if the evidence falls short of proving that the employee comes within any one of these qualifications, the exemption does not exist. This was decided in Schmidt v. Emigrant Industrial Sav. Bank, 2 Cir., 148 F. 2d 294. However, the parties are not in accord as to who has the burden of proving that the employee falls within the exemption. But it is the established rule that the one asserting an exemption under the Act in reference to any employee, must prove the exemption as being within both the spirit and the letter of the statute. Helena-Glendale Ferry Co. v. Walling, 8 Cir., 132 F. 2d 616, 619. Here, the defendant met this burden.

There is no controversy that plaintiff was a miner of wide experience and had been in defendant's employ for about 15 years when it made him a section foreman on July 2, 1938, which position he held until his services were terminated on Feb. 7, 1940. His salary as such foreman was $7 per day and he worked 5 days a week. Although his salary was based on a shift of 7 hours a day at $1 per hour, 5 days a week, yet he drew straight time. If the mine was idle and he only worked 3 hours a day, nevertheless he drew a full day's pay of $7. If he worked more than 5 shifts in any week, he was paid for the extra shifts. Mr. Mafizola drew the same pay and performed the same duties as all other section foremen employed in this mine.

He was boss in his section of the mine and had from 40 to 50 men working in his crew, whose work he

directed and supervised. He had the right "to hire and fire" other employees, although he said he never exercised it. The record shows he regularly exercised discretionary powers as to how the coal was mined in his section, looked after the safety of that part of the mine, as well as that of the men under him. There is no merit in plaintiff's contention that as he was under the general mine foreman and the superintendent of the mine, he had no discretion and performed no duties as an executive. According to his theory, none but a senior executive performs executive duties.

The only real contention made by plaintiff which would exempt him from being an "executive employee" is that he was a working foreman and performed a substantial amount of work of the same nature as that performed by the men under him. The testimony is in direct conflict as to the amount of ordinary labor, usually referred to in the record as "nonexempt work," performed by plaintiff. His proof is that practically one-half of his time was taken up in performing ordinary labor, while the defendant's proof is that 90 to 95 percent of his time was devoted to executive duties and only from 5 to 10 percent given to performing nonexempt labor.

We will not attempt to analyze in detail more than 250 pages of testimony which mostly relates to the character of work Mr. Mafizola did, but will content ourselves with merely stating in general terms what it shows.

Plaintiff's evidence is to the effect that out of the usual work day of 7 hours he devoted 2 5/6 hours to nonexempt work. In this 2 5/6 hours was included the time he spent in checking his men in and out of the mine; getting together supplies, such as time and report books; First Aid supplies; safety lights and safety equipment. According to plaintiff, this really consumed more than 2 5/6 hours each day. It is at once apparent that these duties are such as are performed by an executive employee and are not manual labor or nonexempt work. Plaintiff did oil some of the pumps and fans, and at times helped remove tracks and replaced timbers which was manual labor and did not fall under the classification of nonexempt work. While his testimony

is that he spent practically one-half of his time performing such nonexempt labor, the proof for defendant is that he spent only from 5 to 10 percent of his time at such work.

To our minds it is significant that during the 20 months that Mr. Mafizola served as section foreman he surrendered his union card and was not covered by the union contract. Union men are not likely to let a foreman do manual labor and thereby deprive one of their members of employment. Again, plaintiff never claimed that he was entitled to this overtime, or that he had not been paid in full for straight time, until after his employment with defendant was terminated. Of all the section foremen employed in this mine, he is the only one who claims to have performed a substantial amount of nonexempt labor, and the proof shows that all such foremen had the same duties.

It is the rule in this jurisdiction that in a common law case where a jury is waived and the law and facts are submitted to the judge, his findings of fact are given the same consideration by this court as is the verdict of a properly instructed jury and will not be disturbed unless flagrantly against the evidence. Posey v. Cocke, 263 Ky. 177, 92 S. W. 2d 4; Burkhart v. Barger, 280 Ky. 102, 132 S. W. 2d 752. From what has been said, it is apparent that the finding of fact by the trial judge is not flagrantly against the evidence, and applying the rule just stated this court will not disturb it. Indeed, it appears to us that the evidence preponderates in favor of the trial judge's finding that Mr. Mafizola was an executive employee.

We must disagree with plaintiff that time he spent in teaching First Aid to his men was nonexempt work. We are clearly of the opinion that he performed this work as an executive employee. He was responsible for the safety of the men in his charge and it was as much his duty to show them how to avoid accidents and to treat minor injuries as it was to show them how to perform their ordinary work.

Nor can we agree with plaintiff that the time he spent as a watchman during a strike was nonexempt work. While it is true that ordinarily a watchman's job is nonexempt work, yet when a strike is in progress

and a foreman undertakes a watchman's duties, he is performing such services in an executive capacity. In such circumstances, it is only an executive employee who is not a member of the union on strike who can be depended upon to perform such duties. Indeed, it is not unusual for higher executives than a section foreman to perform manual work in the time of a strike, but such are performed in their capacity as executives and they are not acting as laborers.

The judgment is affirmed.